Thomas J. NIEMANN,
Plaintiff-Appellant,

v.

CARPS, INC., et al.,
Defendants-Respondents.

No. 36660.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 3, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Sept. 30, 1976.

John J. Cole, Joseph S. Von Kaenel, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for plaintiff-appellant.

Louis B. Susman, Burton H. Shostak, Joseph Chused, Fred E. Arnold, Kortenhof & Ely, Greensfelder, Hemker, Wiese, Gale & Chappelow, Ralph C. Kleinschmidt, St. Louis, for defendants-respondents. .

**PER CURIAM.**

Plaintiff, a general creditor of defendant, Carps, Inc., brought an equitable action seeking the appointment of a receiver for defendant, Carps, Inc., an injunction prohibiting payment or disbursement of the funds and assets of Carps, Inc., and an accounting of the funds and assets of Carps, Inc. The trial court dissolved a temporary restraining order that had been issued at the time suit was filed and sustained defendants' motion to dismiss the petition, without prejudice.

We find plaintiff did not file a timely notice of appeal, and thus we do not have jurisdiction. *Perryman v. Perryman,* 507 S.W.2d 671 (Mo.App.1974).

Upon filing of the petition, August 27, 1974, the trial court issued a temporary restraining order that defendants refrain from paying or disbursing the funds or other assets of defendant, Carps, Inc. On September 10, 1974, the trial court dissolved the temporary restraining order and sustained defendants' motion to dismiss the petition. Thereafter between the dates of September 18, 1974, and September 26, 1974, various defendants filed separate motions for assessment of damages on the injunction bond which had been filed on issuance of the restraining order.

On September 20, 1974, plaintiff filed "Motions to Vacate and Set Aside Order of Dismissal, for Leave to File Amended Petition and for Rehearing and Reconsideration." On October 10, 1974, the trial court overruled plaintiff's motions. On October 16, 1974, plaintiff filed "Second Motions to Vacate and Set Aside Order of Dismissal, for Leave to File Amended Petition and for Rehearing and Reconsideration." On November 8, 1974, plaintiff filed a notice of appeal from the order of dismissal entered on September 10; the notice recited that plaintiff's motion to vacate the order had been overruled on October 9, 1974. (The transcript shows the order to have been made on October 10.) Finally, on June 16, 1975, the trial court overruled plaintiff's second motion to vacate, noting the "Court

does not feel there is any provision in the Rules for such Motion."

Three issues surround the jurisdictional question in this case: (1) Was the judgment of September 10, dissolving the temporary restraining order and dismissing plaintiff's petition, a final order for purposes of appeal? (2) Did the filing of plaintiff's second motion to vacate postpone the finality of the September 10 dismissal order? (3) Should this court hear plaintiff's appeal pursuant to Rule 81.07(a)?

■ Plaintiff contends that the action of the court on September 10, 1974, was not an appealable order because at the time the court overruled its motions to vacate and set aside the order of dismissal on October 10, 1974, the court had pending before it motions by the defendants for assessment of damages on the injunction bond. This precise issue was thoroughly discussed and ruled adversely to plaintiff's contention recently in *J and P Trust v. Continental Plants Corp.*, 541 S.W.2d 22, (Mo.App.St. L.District 1976). The court there concluded that the dissolution of the restraining order and dismissal of the petition is a final judgment for the purposes of appeal and the proceeding to assess damages against an injunction bond is an independent action on the bond after the final judgment has given rise to that cause of action. The judgment of September 10 was a final appealable order.

The transcript reveals that on October 16, 1974, plaintiff filed a second motion to vacate the order of September 10, 1974. Defendant urges that the second motion to vacate further postponed the finality of the judgment of September 10, 1974.

The motions to vacate are treated as motions for new trial. Rule 81.05(a); *Kuhn v. Bunch*, 529 S.W.2d 200 (Mo.App.1975). Rule 81.05(a) further provides that when a motion for new trial is ruled before the expiration of 90 days the judgment becomes final and appealable on the "date of the disposition of the motion."

■ To paraphrase *Perr v. Perr*, 227 S.W.2d 490 (Mo.App.1950), when the plaintiff's motion to vacate was ruled upon on October 10, 1974, the judgment of September 10 became final and the court had no further authority to disturb that order or its finality. The second motion to vacate, as the trial court ruled, was a nullity. The judgment became final and appealable on October 10, 1974. The notice of appeal filed on November 8, 1974, was untimely and did not confer jurisdiction on this court.

■ Plaintiff alternatively asks us to treat the notice of appeal as a motion to file an appeal within six months after the time for filing the appeal has expired under the authority of Rule 81.07(a). This we may not do. The notice of appeal filed in this case did not comply with the requirements of the rule. It did not give notice to the respondents that plaintiff was seeking relief under Rule 81.07(a); it did not specifically allege that there was merit in appellant's claim and it did not allege that the delay was not due to appellant's culpable negligence. Having no jurisdiction we must dismiss the appeal.

All Judges concur.