**EMPIRE GAS CORPORATION, a corporation, Plaintiff-Appellant,**

v.

**Billy RANDOLPH, Defendant-Respondent.**

No. 10087.

Missouri Court of Appeals, Springfield District.

May 26, 1977.

Darrell Deputy, Jr., Lebanon, for plaintiff-appellant.

Orville C. Winchell, Lebanon, for defendant-respondent.

STONE, Judge.

Plaintiff Empire Gas Corporation (Empire) instituted this action in the Circuit Court of Laclede County for injunctive relief to enforce a restrictive covenant in an employment contract with defendant Billy Randolph. Upon application to the Magistrate Court of Laclede County, presumably with a showing that no circuit judge was then within the county [§ 526.020][1], the magistrate judge issued a temporary restraining order. In due time, a plenary trial of the issues was had in the circuit court and several weeks thereafter the court entered its "Judgment of Dismissal" in which it was recited, *inter alia,* and decreed that:

"... [T]he cause was, by the court, taken under advisement, and thereafter ... *the court having filed its Findings of Fact and Conclusions of Law;*

"IT IS NOW ORDERED, ADJUDGED AND DECREED BY THE COURT that plaintiff has failed to produce evidence sufficient to sustain plaintiff's petition, and said petition is herewith dismissed with prejudice, and ... ORDER GRANTING TEMPORARY RESTRAINING ORDER, is dissolved." (All emphasis herein is ours.)

■ Its motion for new trial having been overruled by operation of law [Rule 78.06], Empire filed a timely notice that it "appeals from the overruling of its motion for a new trial ...." The right of appeal is purely statutory, as is recognized by Rule 81.01; and it is clear that an order overruling a motion for new trial is not appealable. § 512.020; *State ex rel. State Highway Commission v. Kendrick,* 383 S.W.2d 740, 742(1) (Mo.1964); *Matter of Langford's Estate,* 529 S.W.2d 31, 32(1) (Mo.App.1975). But, with the "reluctant indulgence" occasionally acknowledged [e. g., *Slusher v. Schaffner,* 495 S.W.2d 135, 136 (Mo.App.1973)], we indulge this disregard of the rules [*In re E——,* 416 S.W.2d 678, 679(1) (Mo.App.1967)] and, as our appellate courts have been wont to do, treat the notice of appeal as if it had properly designated the judgment. *City of Joplin v. Joplin Water Works Co.,* 386 S.W.2d 369, 370(2) (Mo. 1965); *Kemlite Corporation v. Chase Awning and Manufacturing Co.,* 503 S.W.2d 131, 132(1) (Mo.App.1974).

■ However, we immediately encounter more formidable obstacles to consideration and determination of the appeal on its merits. Pursuant to the request of counsel, the court prepared and, as noted in the "Judgment of Dismissal" supra, "filed its Findings of Fact and Conclusions of Law." Although "[t]he findings of the court" are listed among the "Specific Contents" enumerated in Rule 81.14(a) which "[t]he transcript on appeal shall always include ...", the findings of the trial court in the case at bar are conspicuously missing in the transcript on appeal. This void is particularly material on the instant appeal, where each of the five "Points Relied On" in appellant's brief charges error in one of the trial court's findings, none of which were presented in quotation marks or as being precise and complete. And, even if there had been any tendered quotation in the brief, we could not have accepted it as a substitute for "record proof" in the transcript on appeal. *In re Jackson's Will,* 294 S.W.2d 953(1) (Mo.App.1956); *Missouri Pacific R. Co. v. Rental Storage & Transit Co.,* 524 S.W.2d 898, 907(9) (Mo.App.1975); *Landers v. Smith,* 379 S.W.2d 884, 887(4) (Mo. App.1964).

---

1. All references to statutes are to RSMo 1969, V.A.M.S., and all references to rules are to the Supreme Court Rules of Civil Procedure, V.A. M.R.

Additionally, none of the seven exhibits received in evidence, two of which were defendant's employment contract and his subsequent "memorandum of resignation," were included in the transcript and none of them have been filed or deposited with the clerk of this court, although the case was submitted on briefs some months ago pursuant to our Special Rule 1(b). Hence, the intendment and content of such exhibits must be taken as favorable to the trial court's ruling and as unfavorable to appellant. *Godsy v. Godsy*, 531 S.W.2d 547, 553(9) (Mo.App.1975); *Kewanee Oil Co. v. Remmert-Werner, Inc.*, 508 S.W.2d 23, 27 (Mo.App.1974); *Lange v. Baker*, 377 S.W.2d 5, 7(4) (Mo.App.1964).

If an appellant desires review of an issue it is clearly his duty to provide a complete transcript conformable to Rule 81.14 and containing all records, proceedings and evidence relating to such issue.

*Davis v. Long*, 521 S.W.2d 7(3) (Mo.App. 1975); *Edwards v. Hrebec*, 414 S.W.2d 361, 366(8) (Mo.App.1967). See *Brand v. Brand*, 245 S.W.2d 94, 96(4) (Mo.1952). On the transcript before us sans the exhibits and the trial court's findings of facts and conclusions of law, we are in no position to rule the points presented in plaintiff-appellant's brief and the appeal should be dismissed.

It is so ordered.

BILLINGS, C. J., concurs.

HOGAN, TITUS and FLANIGAN, JJ., concur.