Euel BOTKIN, Lowell Botkin, Bernell Botkin and Robert Botkin d/b/a Botkin Lumber Co., a Partnership, Plaintiffs-Appellants,

v.

Patrick CAIN, Erman L. Brawley, Wilbert Krueger, et al., Defendants-Respondents.

No. 11113.

Missouri Court of Appeals, Southern District, Division Three.

Sept. 10, 1979.

Donald E. Lamb, Centerville, for plaintiffs-appellants.

William R. Edgar, Ironton, for defendants-respondents.

GREENE, Judge.

This action was brought by plaintiffs to quiet title to several hundred acres of real estate in Reynolds County, Missouri. Among lands claimed by plaintiffs, in their petition, was the North half of Lot One of the Northwest quarter of Section 2, Township 31 North, Range 1 West.

Defendants Brawley and Krueger denied plaintiffs' claim of title to the tract and, by counterclaim, alleged that they were owners of certain real estate that included the tract above-described. The trial court found for defendants Brawley and Krueger on their counterclaim, and entered judgment in their favor. The judgment became final, for purposes of appeal, on July 8, 1978.

Plaintiffs filed a notice of appeal on July 17, 1978. The trial transcript was filed in this court on January 15, 1979, 182 days subsequent to the filing of the notice of appeal. Rule 81.18 [1] provides that the transcript shall be filed in the appellate court within 90 days from the date of filing of the notice of appeal. The transcript does not contain a motion directed to the trial court requesting additional time to file the transcript, nor does it contain any order by the trial court extending the time in which the

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

transcript may be filed, as required by Rule 81.14(a).

The court file contains a purported order by the trial court granting plaintiffs an additional 90 days, from October 16, 1978, to file the transcript in this court. However, Rule 81.19 provides that the trial court shall *not* extend the time for filing the transcript on appeal beyond 90 days from the date of filing in the trial court of the notice of appeal, unless the transcript be ordered in writing from the court reporter within 30 days after the filing of such notice of appeal and a duplicate copy of such written order be filed in the case within 15 days thereafter. Neither the transcript nor the file reflect any such written order. Such orders and filings are jurisdictional.

Based on the record, the trial court had no authority to grant the purported extension of time to file the transcript. *Donnell v. Vigus Quarries, Inc.,* 489 S.W.2d 223, 224 (Mo.App.1972). The responsibility for accuracy of the transcript, and of compliance with the rules regarding transcripts rests upon the appellant. *Empire Gas Corp. v. Randolph,* 552 S.W.2d 82, 84 (Mo.App.1977). The transcript was not timely filed in this court. The court of appeals cannot consider matters not preserved on the record, and not contained in a timely filed transcript.

Ex gratia, we note that the record supports the judgment of the trial court, that its judgment was supported by substantial evidence, was not against the weight of the evidence, and did not contain any erroneous declaration or application of law, *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), and would have been affirmed by this court had the proper procedural steps been taken.

The appeal is dismissed.

All concur.