**Dixie Jo NELSON, Plaintiff-Appellant,**

v.

**WHEELER ENTERPRISES, INC., Defendant-Respondent.**

**No. 11194.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 23, 1980.

A. L. Shortridge, Joplin, for plaintiff-appellant.

Lincoln J. Knauer, Farrington, Curtis, Knauer, Hart & Garrison, Springfield, for defendant-respondent.

BILLINGS, Presiding Judge.

Plaintiff appeals an order of the trial court dismissing Count I of her two-count petition. Count I sought an injunction against defendant's construction of a building over an easement used by plaintiff. Defendant moved to dismiss both counts on the ground that the petition failed to state

a claim for relief. The trial court found plaintiff had an adequate remedy at law for Count I and granted defendant's motion to dismiss that count. The trial court, pursuant to Civil Rule 81.06, V.A.M.R., designated the dismissal of Count I as a final judgment for purposes of appeal. We reverse and remand with directions.

Our review of this court tried case is governed by Rule 73.01, V.A.M.R., as delineated by our Supreme Court in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976). Thus, the judgment is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

■ The general test of the sufficiency of a petition against a Civil Rule 55.27(a)(6), V.A.M.R., motion is whether the averments, accorded every fair and reasonable intendment, invoke principles of substantive law which may entitle plaintiff to relief. *Campbell 66 Exp. v. Thermo King of Springfield,* 563 S.W.2d 776 (Mo.App.1978). The facts alleged are taken to be true and the pleader is entitled to all favorable inferences fairly deducible therefrom. *Moseley v. City of Mountain Grove,* 524 S.W.2d 444 (Mo.App.1975). "Any doubt, if at all reasonable, with regard to the sufficiency of the petition, should be, and now is, resolved in favor of the plaintiff." *Niemczyk v. Burleson,* 538 S.W.2d 737, 743 (Mo.App. 1976).

■ Plaintiff's "Petition for Injunction—Count I" stated, inter alia, that: plaintiff was the owner of certain real estate adjacent to the defendant's property; plaintiff owned and maintained a water line easement across defendant's property; the easement had been used since 1964 and was still being used to provide service to approximately twenty homes and apartments located on plaintiff's property; "defendant is in the process of constructing a large steel and concrete building over plaintiff's easement, which will prohibit plaintiff's free right of access to the easement;" and "plaintiff's easement rights shall be destroyed or shall suffer irreparable injury by construction of

said building, and plaintiff has no adequate remedy at law." We find that, under the above standards, Count I sufficiently plead averments to withstand a Civil Rule 55.27(a)(6), V.A.M.R., motion. Further, the trial court's finding, as a matter of law, that the plaintiff had an adequate remedy at law for damages and the use of this finding as a basis to dismiss Count I was an erroneous application of the law.

In *Kansas City Power & Light Company v. Riss,* 319 S.W.2d 262 (Mo.App.1958), the court stated:

"It is next contended that the petition does not state a cause of action for equitable relief because it shows that the plaintiff has an adequate remedy at law and could recover damages to the power line, together with the cost of removing the same to some other location. There is no merit in this contention. The plaintiff sought the injunction to prevent the defendant from infringing upon and in effect destroying its easement, and thereby compelling plaintiff to seek an easement at some other location for the establishment of its power line. The plaintiff had a vested interest in the location of its line and the defendant could not, by encroachment, compel the plaintiff to move elsewhere. A suit for damages would not fully protect plaintiff's rights. *The courts have recognized the remedy of injunction to prevent the interference with or infringement of the rights acquired by an easement.*" 319 S.W.2d at 264. (Emphasis added).

■ Given the averments in Count I and the consideration of these averments under the announced standards, a suit for damages would not fully protect plaintiff's rights. As such, it was error for the trial court to determine, as a matter of law, that plaintiff had an adequate remedy at law for damages *solely* on the basis of the averments found in Count I of plaintiff's petition.

We reverse the trial court's order dismissing Count I of plaintiff's petition and remand this case to the trial court with the

648

direction to reinstate Count I of plaintiff's petition.

All concur.