Paul SMITH, Plaintiff-Appellant,

v.

WESTERN ELECTRIC COMPANY, Defendant-Respondent.

No. 44286.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 14, 1982.

Rehearing Denied Nov. 19, 1982.

Application to Transfer Denied Jan. 17, 1983.

H. Morley Swingle, Cape Girardeau, for plaintiff-appellant.

William G. Ohlhausen, St. Louis, for defendant-respondent.

DOWD, Presiding Judge.

Plaintiff appeals from an order dismissing his petition on the ground that it fails to state a claim upon which relief can be granted.

The petition seeks an injunction to prevent plaintiff's employer from exposing him to tobacco smoke in the workplace and from affecting his pay or employment conditions because of his medical reaction to tobacco smoke. The petition alleges that by allowing smoking in the work area, defendant permits its employees to be exposed to a health hazard and thereby breaches its duty to provide a safe place in which to work.

Plaintiff contends the trial court erred in dismissing his petition in that it invokes legal principles entitling him to relief and shows that injunctive relief is appropriate. Plaintiff further contends that federal law does not preempt state common law in this case.

In reviewing the dismissal of this petition for failure to state a claim, we grant the petition its broadest intendment and liberally construe its averments. *Paddock Forest Residents Ass'n v. Ladue Service Corp.,* 613 S.W.2d 474, 476 (Mo.App.1981). We accept as true all factual allegations and their favorable inferences. *Nelson v. Wheeler Enterprises, Inc.,* 593 S.W.2d 646, 647 (Mo. App.1980). If the averments thus viewed invoke principles of substantive law upon which relief can be granted to plaintiff, the petition is not subject to dismissal. *Paddock Forest Residents Ass'n,* 613 S.W.2d at 476. Any reasonable doubt with regard to the petition's sufficiency is resolved in favor of plaintiff. *Nelson,* 593 S.W.2d at 647.

The petition includes the following allegations. Plaintiff has been employed by defendant since 1950 and has worked in defendant's Missouri branch since 1967. He is a nonsmoker sharing an open office area with other employees, many of whom smoke tobacco products as they work. In 1975 plaintiff began to experience serious respiratory tract discomfort as a result of inhaling tobacco smoke in the workplace. A subsequent medical evaluation determined that plaintiff suffers a severe adverse reaction to tobacco smoke. His symptoms include sore throat, nausea, dizziness, headache, blackouts, loss of memory, difficulty in concentration, aches and pains in joints, sensitivity to noise and light, cold sweat, gagging, choking sensations, and lightheadedness. After a sufficient period of non-exposure to smoke, plaintiff's symptoms abate somewhat. The symptoms have become increasingly severe over the years, however. Doctors evaluating and treating plaintiff have advised him to avoid contact with tobacco smoke whenever possible.

The petition further alleges that plaintiff first complained to defendant about the tobacco smoke in the workplace in 1975. Defendant thereafter moved plaintiff to different locations within the plant, but no improvement resulted because each location contained significant amounts of tobacco smoke. In 1978 plaintiff was informed that he should no longer submit complaints about the smoke through defendant's anonymous complaint procedure since defendant would not process them. In response to recommendations of the National Institute for Occupational Safety and Health,[1] defendant adopted a smoking policy in April 1980. The declared policy was to protect the rights of both smokers and nonsmokers by providing accommodations for both groups and by making a reasonable effort to separate the groups in work areas. Because defendant has failed to implement its policy by making such a reasonable effort, improvement of the air in the workplace has not resulted.

According to the petition, in August 1980 plaintiff filed with defendant a Handicapped Declaration Statement that he was handicapped by his susceptibility to tobacco smoke. Refusing to segregate smokers or to limit smoking to non-work areas, defendant informed plaintiff he could either continue to work in the same location and wear a respirator or apply for a job in the computer room (where smoking is prohibited). The latter option would entail a pay decrease of about $500 per month. Defendant thereafter provided plaintiff with a respirator that has proven ineffective in protecting plaintiff from tobacco smoke.

The petition states that plaintiff has exhausted all avenues of relief through defendant; he has no adequate remedy at law; he is suffering and will continue to suffer irreparable physical injuries and financial losses unless defendant improves working conditions. The petition alleges that defendant is breaching its common law duty as an employer to provide plaintiff a safe place to work, and that defendant has available reasonable alternatives to avoid the continuing breach of duty, as demonstrated by defendant's ability to protect its computer equipment from tobacco smoke. The petition further states that, although "second-hand smoke" is harmful to the health of all employees, defendant is permitting them to be exposed in the workplace to this health hazard which is neither related to nor a necessary by-product of defendant's business.

Construing these allegations favorably to plaintiff, we must determine whether they invoke principles of law entitling him to relief.

■ It is well-settled in Missouri that an employer owes a duty to the employee to use all reasonable care to provide a reasonably safe workplace, *e.g., Todd v. Watson,* 501 S.W.2d 48, 50 (Mo.1973); *Hightower v. Edwards,* 445 S.W.2d 273, 275 (Mo. banc 1969), and to protect the employee from

---

1. The Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651–678, established the National Institute for Occupational Safety and Health, § 671, to develop safety standards and implement sections 669 and 670 of the Act.

avoidable perils. *Moles v. Kansas City Stock Yards Co. of Maine,* 434 S.W.2d 752, 755 (Mo.App.1968). Whether the employer has fulfilled its duty depends upon the facts of each case. *Lathrop v. Rippee,* 432 S.W.2d 227, 231 (Mo.1968). For example, in *McDaniel v. Kerr,* 258 S.W.2d 629 (Mo. banc 1953), the employer had failed to provide a safe workplace where the employee's inhalation of dust on the job caused damage requiring removal of his lung. In *DeMarco v. United States,* 204 F.Supp. 290 (E.D.N.Y. 1962), the court found a negligent failure to provide a safe working environment where the plaintiff was injured when he fainted and fell after complaining about gasoline fumes in an unventilated work area.

■ The allegations of the instant case, taken as true, show that the tobacco smoke of co-workers smoking in the work area is hazardous to the health of employees in general and plaintiff in particular. The allegations also show that defendant knows the tobacco smoke is harmful to plaintiff's health and that defendant has the authority, ability, and reasonable means to control smoking in areas requiring a smoke-free environment. Therefore, by failing to exercise its control and assume its responsibility to eliminate the hazardous condition caused by tobacco smoke, defendant has breached and is breaching its duty to provide a reasonably safe workplace. *See Shimp v. New Jersey Bell Telephone Co.,* 145 N.J.Super. 516, 368 A.2d 408 (1976). As stated in *Thompson v. Kroeger,* 380 S.W.2d 339, 343–44 (Mo.1964) (quoting *Gatzke v. Terminal Railroad Ass'n of St. Louis,* 321 S.W.2d 462, 466 (Mo.1959)):

> the exercise of due care requires precautions which a reasonably prudent employer would have taken in given circumstances, even though other employers may not have taken such commensurate precautions. What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not.

■ If plaintiff's petition establishes defendant's failure to provide a safe place for plaintiff to work, we must next consider whether injunctive relief would be an appropriate remedy. An injunction may issue "to prevent the doing of any legal wrong whatever, whenever in the opinion of the court an adequate remedy cannot be afforded by an action for damages." § 526.030 RSMo 1978. Injunctive relief is unavailable unless irreparable harm is otherwise likely to result, *see City of Grandview v. Moore,* 481 S.W.2d 555, 558 (Mo.App.1972), and plaintiff has no adequate remedy at law. *See State ex rel. Taylor v. Anderson,* 242 S.W.2d 66, 72 (Mo.1951).

■ The petition alleges that plaintiff's continuing exposure to smoke in the workplace is increasingly deleterious to his health and is causing irreparable harm. Assuming the allegations and reasonable inferences therefrom to be true, we think it is fair to characterize deterioration of plaintiff's health as "irreparable" and as a harm for which money damages cannot adequately compensate. This is particularly true where the harm has not yet resulted in full-blown disease or injury. Money damages, even though inadequate, are the best possible remedy once physical damage is done, but they are certainly inadequate to compensate permanent injury which could have been prevented. Plaintiff should not be required to await the harm's fruition before he is entitled to seek an inadequate remedy. Moreover, the nature of plaintiff's unsafe work environment represents a recurrent risk of harm that would necessitate a multiplicity of lawsuits. Finally, the petition states that plaintiff has no adequate remedy at law and alleges facts indicating that prior to this action plaintiff unsuccessfully pursued relief, both through his employer's in-house channels and through administrative agencies. Viewing the petition favorably, as we must to determine its sufficiency, we find that injunction would be an appropriate remedy.

■ Defendant contends the trial court lacks jurisdiction to provide relief, and therefore the petition fails to state a claim upon which relief can be granted, because the subject matter of this case is preempted

by the Occupational Safety and Health Act (OSHA), 29 U.S.C. §§ 651–678 (1970). The Act specifically states, however, that it does not affect the common law regarding "injuries, diseases, or death of employees arising out of . . . employment." § 653(b)(4). The Act also declares that it does not prevent a state court from asserting jurisdiction over an occupational safety or health issue for which no OSHA standard is in effect. § 667(a). We are unpersuaded by defendant's argument that § 653(b)(4) refers only to the common law pertaining to workers' compensation laws. In addition, defendant has not directed our attention to any OSHA standard which would appear to cover tobacco smoke. No such standard figured in the opinions of other courts considering OSHA and tobacco smoke. *Federal Employees for Non-Smokers' Rights v. United States,* 446 F.Supp. 181 (D.D.C.1978), *aff'd,* 598 F.2d 310 (D.C.Cir.), *cert. denied,* 444 U.S. 926, 100 S.Ct. 265, 62 L.Ed.2d 182 (1979); *Shimp,* 145 N.J.Super. 516, 368 A.2d 408. Furthermore, defendant conceded in oral argument that a court may retain jurisdiction in the absence of an OSHA standard.

We conclude that plaintiff has stated a claim upon which relief can be granted and that the trial court therefore erred in dismissing the petition. Plaintiff should be allowed the opportunity to prove his allegations.

The judgment is reversed and the cause remanded.

GUNN and CRANDALL, JJ., concur.