**Herb ST. JOHN and Mary St. John, Plaintiffs-Appellants,**

v.

**C.R. RHOADES, Elsie Cox, Billy Bertschy, Jack Bertschy, Eugene Cox and Gene Bunch, Defendants-Respondents.**

No. 13323.

Missouri Court of Appeals, Southern District, Division One.

Sept. 24, 1984.

Gene C. Thompson, Carthage, for plaintiffs-appellants.

Abe R. Paul, Pineville, for defendants-respondents.

GREENE, Judge.

Plaintiffs Herb and Mary St. John sued defendants, C.R. Rhoades, Gene Bunch, Eugene Cox, Elsie Cox, Bill Bertschy and Jack Bertschy. The suit involved a dispute over real estate in McDonald County that the St. Johns had purchased from some of the defendants.

Count I of the petition sought an injunction to prevent Rhoades, as trustee under a deed of trust executed by plaintiffs, from selling the land at a foreclosure sale. Count II of the petition sought reformation of the deed given to plaintiffs for the land in question. Count III sought damages for misrepresentation by defendant sellers as to the number of acres that were on the farm land purchased by plaintiffs, while in Count IV, plaintiffs request that, in the event of foreclosure, they be permitted to redeem the land upon payment of all of

their legal obligations imposed by the deed of trust.

The petition was verified. On the strength of the verified petition, the trial court issued a temporary restraining order enjoining the trustee of the deed of trust from foreclosing on the property. After a hearing, the trial court dissolved the temporary restraining order. The order was not designated by the trial court as a final appealable order, as is required by Rule 81.06, V.A.M.R. Plaintiffs then appealed to this court.

An order dissolving a temporary restraining order is not appealable. *Cohen v. Brummet*, 636 S.W.2d 126, 129 (Mo.App. 1982); *Reproductive Health Services, Inc. v. Lee*, 660 S.W.2d 330, 339 (Mo.App.1983). Further, even if the order was appealable, it would not be so in this case since the order did not constitute a final judgment in the cause since other related issues raised in plaintiffs' petition have not been disposed of.

The appeal is dismissed, and the cause is remanded to the trial court for trial on the merits. Defendants' motion for damages for frivolous appeal, taken with the case, is denied.

TITUS, P.J., and FLANIGAN, J., concur.