SUN OIL COMPANY OF PENNSYLVANIA, a corporation, Plaintiff-Appellant,

v.

INMAN OIL CO., INC., Ronald C. Inman and Janet L. Inman, Defendants-Respondents.

No. 14274.

Missouri Court of Appeals, Southern District, Division Two.

June 17, 1986.

Motion for Rehearing and to Transfer Denied July 9, 1986.

Application to Transfer Denied Sept. 16, 1986.

Michael P. Riley, Carson, Coil, Riley, McMillin, Levine & Veit, Jefferson City, for plaintiff-appellant.

Jerry L. Wilkerson, Wilkerson & Seay, Salem, for defendants-respondents.

MAUS, Judge.

Plaintiff Sun Oil Company of Pennsylvania (Sun) by Count I of its first amended petition sought a judgment against Inman Oil Co., Inc., (corporate defendant) for merchandise sold to that defendant. By Count II Sun sought a judgment against Ronald C. Inman and Janet L. Inman (individual defendants) upon the basis of a letter of guaranty. Upon Count I the trial court rendered a summary judgment for Sun against the corporate defendant for $207,-551.19. Upon Count II, upon an agreed submission, it rendered judgment against Sun and for the individual defendants. Sun appeals from the judgment on Count II.

The following is a sketch of the development of the case. The petition was followed by motions, requests for admissions, interrogatories, and other preliminary pleadings. Eventually, Sun filed a motion for summary judgment upon Counts I and II of the first amended petition. The individual defendants filed a motion for summary judgment on Count II of the first amended petition. The evidentiary material placed before the court by those motions established the following. On February 10, 1977, Sun and the corporate defendant executed an Industrial Distributor Agreement whereby Sun agreed to sell to the corporate defendant Sun's "branded industrial petroleum products." That agreement was for a term of three years and from year to year thereafter, unless upon 60 days notice by either party it was terminated at the end of the initial term or any yearly extension. On August 4, 1977, the individual defendants executed a "Guarantee" in the form of a letter from them to Sun. The letter recited the individual defendants understood the corporate defendant was about "to complete an arrangement with your company to purchase your products." The letter continued,

in consideration of the sum of One Dollar ($1.00) and other valuable considerations ... (I) (we) hereby promise and guarantee that the amount or amounts due for all *such* materials sold or delivered to Inman Oil Co., Inc. and any other charges, shall be duly paid to your company; and, if any bill rendered by you to said Inman Oil Co., Inc. for materials *so delivered,* or other charges, is not paid

when due, (I) (we) will forthwith pay the same to you.... (emphasis added).

In addition, admissions of the defendants established that Sun's invoices for products sold to the corporate defendant, totaling $207,551.19, were unpaid. Further, the individual defendants propounded the following interrogatory to Sun: "State the consideration given by Plaintiff to Janet L. Inman for Janet L. Inman executing the Guarantee Agreement identified as Exhibit 'B' and attached to Plaintiff's petition." The answer of Sun was: "None." A similar interrogatory was propounded and answer given in respect to Ronald C. Inman.

On February 27, 1985, counsel for each party appeared before the trial court for a pre-trial conference. The court took up the individual defendants' motion for a summary judgment. That motion alleged the letter of guaranty was executed after the execution of the Industrial Distributor Agreement and failed by reason of lack of consideration. The motion incorporated the interrogatories and answers to those interrogatories concerning consideration. The docket entry concerning the hearing upon that motion reads as follows: "Motion for Summary Judgment on behalf of Ronald C. Inman and Janet L. Inman taken up, evidence adduced, arguments of counsel, Motion taken under submission." No transcript or other record of that hearing has been filed with this court.

Then, by agreement of counsel, Sun's motion for a summary judgment on Count I against the corporate defendant was sustained. Sun's motion for summary judgment on Count II was taken under submission. Each side was "granted leave to prepare and submit to Court briefs and proposed judgment on or before March 15, 1985."

On March 26, 1985, the following docket entry was made: "By conference telephone call this date, plaintiff appeared by counsel, Michael P. Riley; defendants appeared by counsel, Jerry L. Wilkerson. Parties agreed to submit Stipulation of Facts and proposed Judgments so that Count II may be decided by the Court on its merits.

Count II remains under submission." The judgment complained of is dated April 15, 1985. It first recites, "Plaintiff and Defendants stipulate that Count II of Plaintiff's Petition may be decided by the Court on the merits and not on the Motions For Summary Judgment heretofore filed." It continues, "After considering the evidence, briefs and proposed findings filed by counsel the Court finds that no consideration was given by Plaintiff to Defendants Ronald C. Inman and Janet L. Inman for their execution of the guaranty agreement dated August 4, 1977." The trial court made a further finding that the contract dated February 10, 1977, had been materially changed by subsequent contracts. The judgment upon Count II was in favor of the individual defendants and against Sun.

Sun's first point is directed to the issue of consideration for the letter of guaranty. The individual defendants argue that the applicable principle of law has received the following expression: "If the contract of guaranty occurs subsequent to the original, it must have a new and independent consideration, not merely the performance embraced in the original." *Springfield Television, Inc. v. Gary*, 628 S.W.2d 398, 403 (Mo.App.1982).

By its first point, Sun does not contend that principle is not applicable. Rather, it contends the trial court erred when it held "that there was no consideration for the continuing guaranty agreement, because respondents executed the continuing guaranty agreement in order to obtain an increased line of credit from appellant which appellant supplied, thereby constituting consideration." To support that point Sun argues: "In the case at bar, the stipulation of facts states that 'Ronald C. Inman and Janet L. Inman executed the Continuing Guaranty Agreement, ... in order to obtain an increased line of credit from Plaintiff.'"

The record before this court consists of the legal file. That file, as originally presented, consists of 130 pages and contains a multitude of documents. Absent, however, is any stipulation of facts. A

supplemental legal file consists of suggestions in support of each motion for summary judgment which included proposed findings of fact filed with the trial court by Sun and the individual defendants. The suggestions of Sun contains a proposed finding of fact that the individual defendants executed the continuing guaranty agreement in order to obtain an increased line of credit for plaintiff.

As noted, the judgment recites "Plaintiff and Defendants stipulate that Count II of Plaintiff's Petition may be decided by the Court on the merits and not on the Motions for Summary Judgment heretofore filed." Sun did not in the trial court, and does not in this court, attack that finding by the trial court. Nor did Sun, before filing its suggestions with the trial court, by motion seek to avoid the agreed submission of the case. Nor did it by a post judgment motion in the trial court seek relief because of an improvident submission or premature disposition of the case. See 3 Am.Jur.2d Agreed Case § 28 and § 29 (1986). At the time of the telephone conference and agreed submission, the trial court had before it the evidentiary material heretofore mentioned. Considering the docket entries of February 27, 1985, and March 26, 1985, together, it is a reasonable construction of the agreed submission that such evidence was to be considered in the disposition of the case. The parties briefed and submitted the case to the trial court upon that basis.

That evidence before the trial court is shown to include Sun's answer that the consideration given for the individual defendant's execution of the letter of guaranty was "none." Contrary to Sun's present assertion of consideration, its first amended petition alleged that for and in consideration of plaintiff providing and selling products to the corporate defendant and providing services and for other valuable consideration the individual defendants executed the letter of guaranty. The pleadings and documentary evidence established that the Industrial Distributor Agreement was executed on February 10, 1977. That agreement obligated Sun to sell its branded industrial petroleum products to the corporate defendant. The letter of guaranty was subsequently executed on August 4, 1977. There was evidence from which the trial court could find that there was no new and independent consideration for the letter of guaranty. Upon that basis, the judgment of the trial court is to be affirmed. *Grandview Bank & Trust Co. v. Midwest Plastering, Inc.*, 633 S.W.2d 259 (Mo.App. 1982); *Springfield Television, Inc. v. Gary*, supra; *Don L. Tullis & Associates, Inc. v. Gover*, 577 S.W.2d 891 (Mo.App. 1979).

"Recitals contained in motions, extraneous statements by counsel, and statements unsupported by the record contained in an appellate brief do not rise to the dignity of proof and thus are insufficient to supply essential matters for review." *Davis v. Long*, 521 S.W.2d 7, 9 (Mo.App.1975). The basis for Sun's first point has not been preserved for review. *Cooper v. General Standard, Inc.*, 674 S.W.2d 117 (Mo.App. 1984); *Empire Gas Corp. v. Randolph*, 552 S.W.2d 82 (Mo.App.1977). The record before this court does not contain a stipulation of facts to establish Sun's first point.

By its remaining two points, Sun attacks the finding of the trial court that the agreement of February 10, 1977, had been materially changed and the guaranty was thereby invalidated. As stated, the finding of the trial court that there was no new and independent consideration for the guaranty was supported by the evidence. A judgment for the individual defendants upon that finding does not erroneously declare or apply the law. It is not necessary to consider those remaining two points. The judgment is affirmed. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

HOGAN, P.J., and CROW, J., concur.

PREWITT, C.J., disqualified.