James O. HAGEN, Special Deputy to the Liquidator of American Trustee Life Company of Minnesota, and American Trustee Life Company of Nebraska in Conservatorship, Plaintiffs–Appellants,

v.

BANK OF PIEDMONT, a Missouri Banking Corporation, and Robert M. Ramshur, Trustee, Defendants–Respondents.

No. 15898.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 12, 1989.

Randy P. Schuller, Hackworth and Schuller Law Offices, Piedmont, for plaintiffs-appellants.

Jerry M. Merrell, John R. Hopkins, Jr., Hyde, Purcell, Wilhoit, Spain, Edmundson and Merrell, Poplar Bluff, for defendants-respondents, Bank of Piedmont.

PREWITT, Judge.

Appellants appeal from an order dissolving a temporary restraining order and refusing to issue a preliminary injunction to enjoin the foreclosure of a deed of trust. The temporary restraining order was ap-

parently granted with notice to respondents so it was not limited to a time "not to exceed ten days". See Rule 92.02(b).

■ We first consider whether an appeal lies. Generally orders entered during the temporary injunction stage are not final orders, thus no appeal lies from the denial of a preliminary injunction. *Eickelmann v. Eickelmann*, 724 S.W.2d 261, 262 (Mo. App.1986); *C.M. Brown & Associates, Inc. v. King*, 662 S.W.2d 572, 573 (Mo.App. 1983); *Simms v. Ford Motor Credit Co.*, 605 S.W.2d 212, 214 (Mo.App.1980); *Frimel v. Humphrey*, 555 S.W.2d 350, 352 (Mo. App.1977); *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11, 13 (Mo.App. 1966).

■ However, where a temporary restraining order has been issued and dissolved, the order dissolving the temporary restraining order is appealable. Section 512.020, RSMo 1986, provides that there may be an appeal from any order "dissolving an injunction". A temporary restraining order is an injunction and thus an appeal lies from an order dissolving it. *Perseverance Common School District No. 90 v. Honey*, 367 S.W.2d 243, 246–247 (Mo. App.1963). See also *Wilson v. City of St. Robert*, 714 S.W.2d 738, 739 (Mo.App.1986); *Niemann v. Carps, Inc.*, 541 S.W.2d 712, 714 (Mo.App.1976); *J and P Trust v. Continental Plants Corp.*, 541 S.W.2d 22, 25 n. 1 (Mo.App.1976).

■ Some cases have denied appeals where a temporary restraining order was dissolved, perhaps because the error claimed was the denial of a preliminary injunction and not the dissolving of the temporary restraining order. See for example *Eickelmann*, 724 S.W.2d at 262. Here, appellants specifically appealed from, and claimed error in the court's order dissolving the temporary restraining order, and, although they also purported to appeal from the order refusing to issue a preliminary injunction, we consider the latter as surplusage not affecting the appeal.

There are certain general principles applicable here in considering appellants' claim of error. Generally, injunctive relief is discretionary and does not issue as a matter of right. *Community Title Co. v. Roosevelt Federal Savings & Loan Assoc.*, 670 S.W.2d 895, 900 (Mo.App.1984); *Hudson v. School District of Kansas City*, 578 S.W.2d 301, 311 (Mo.App.1979). Injunctive relief is a harsh remedy, to be used sparingly and only in clear cases. Id. at 312; *Neaf v. Mallory*, 622 S.W.2d 372, 373 (Mo. App.1981).

Injunctive relief should only be granted if irreparable harm is otherwise likely to result. *Smith v. Western Electric Co.*, 643 S.W.2d 10, 13 (Mo.App.1982). Injunctive relief is not available if plaintiff has an adequate remedy at law. Id.

■ American Trustee Life Company of Minnesota, American Trustee Life Company of Nebraska, and respondent bank participated in making a loan secured by a deed of trust. Respondent bank directed respondent trustee to start foreclosure for default in a note evidencing the loan and the trustee did so. Appellants contend that the bank had no authority to unilaterally request foreclosure, contending that a "Participation Agreement" between the parties making the loan "plainly contemplates that it is [American] Trustee Life [Company of] Minnesota, not the Bank, which has the power to make decisions regarding foreclosure". Appellants quote from and rely on paragraph 4 of the agreement. It states:

*Management of the Credit.* Without each Participant's prior written consent, Lender [American Trustee Life Company of Minnesota] will not exercise any right or take any action pursuant to the Agreement or the Note which would increase the amount Lender is required to lend pursuant to the Agreement, reduce principal or interest, or postpone any date fixed for any payment of principal or interest provided for in the Agreement and the Note.

Subject to the foregoing, Lender may, in the exercise of its business judgment, consent to any action or failure to act by Borrower and exercise or refrain from exercising any powers or rights Lender may have under the Agreement or the

Note and vote the full amount of the Note (including the Participation) with respect to any waiver, modification, amendment or alteration of the Agreement and the Note.

Lender shall handle all transactions relating to the Loan in accordance with its usual practices in the ordinary course of business.

We have considered that paragraph and examined the remainder of the agreement and find no plain language giving American Trustee Life Company of Minnesota the sole power to decide when foreclosure should be initiated. As appellants acknowledge in their reply brief, the deed of trust is not in the record. Nor is there a transcript of the hearings in the trial court.

The trial court's order is presumed valid and appellant in contesting that order has the burden to overcome that presumption. *In re Estate of Erwin*, 611 S.W.2d 564, 568 (Mo.App.1981). It was the duty of appellants to furnish a transcript containing information sufficient for this court to determine the questions on appeal. *Empire Gas Corp. v. Randolph*, 552 S.W.2d 82, 84 (Mo.App.1977).

As we do not find in the participation agreement the "clear language" to which appellants allude preventing the bank from requesting foreclosure, we cannot say that the trial court abused its discretion in dissolving the temporary restraining order. Appellants have not shown that the bank is exercising a right that it does not have nor that irreparable harm may occur to appellants, and that they have no adequate remedy at law.

The order dissolving the temporary restraining order is affirmed.

FLANIGAN, P.J., and MAUS, J., concur.