James "Butch" HEMME and Martha Hemme, Plaintiffs–Appellants,

v.

David EUANS, Mayor, City of Olympian Village, Jefferson County, Missouri, et al., Defendants–Respondents.

No. 63682.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 14, 1993.

John L. Sullivan, Dianne S. Johnson, St. Louis, for plaintiffs-appellants.

Oscar Froveroa, St. Louis, for defendants-respondents.

CRANDALL, Presiding Judge.

Plaintiffs, James "Butch" Hemme and Martha Hemme, appeal from the trial court's order which dissolved a temporary restraining order and denied a preliminary injunction against defendants, David Euans, et al. We dismiss the appeal.

On November 9, 1992, plaintiffs filed an "Action to Enforce Specific Performance of Agreement" in which they alleged that defendants, the Mayor and the Board of Alderman of Olympian Village, Jefferson County, Missouri (City), had an agreement with them not to collect sewer user charges until City paid Mr. Hemme for hauling gravel. At the same time, they filed a "Motion for Preliminary Injunction and Permanent Injunction" as well as an "Application for Temporary Restraining Order" in which they sought to have the City restrained from disconnecting their sewer service for nonpayment of the sewer user fees. With the application for the temporary restraining order, plaintiffs' attorney submitted his written certification setting forth the efforts he had made to give notice to defendants. In the document, he specifically stated that he was making the certification "pursuant to the requirement of Rule 92.02(b)." The trial court issued the temporary restraining order. After a hearing, the trial court dissolved the temporary restraining order and declined to issue a preliminary injunction.

Plaintiffs' sole point on appeal is that the trial court erred in dissolving the temporary restraining order and in declining to issue a preliminary injunction.

Here, plaintiffs sought the temporary restraining order pursuant to Rule 92.02(b). The rule provides that a temporary restraining order may be granted without written or oral notice to the adverse party or his attorney, only if it appears that immediate and irreparable injury will result to the applicant and the applicant's attorney certifies to the court in writing the efforts which have been made to give the notice. Further, Rule 92.-02(b) provides that every temporary restraining order granted without notice "shall expire by its terms within such time after entry, not to exceed ten days, ... unless ... it [is] extended for a longer period...."

An order dissolving a temporary restraining order is not appealable. *St. John v. Rhoades*, 678 S.W.2d 7, 8 (Mo.App.1984). The primary objective of a temporary restraining order is to maintain the status quo until the motion for a permanent injunction can be adjudicated. Although *Hagen v. Bank of Piedmont*, 763 S.W.2d 384 (Mo.App. 1989) holds that the order dissolving a temporary restraining order is appealable, *Hagen* is distinguishable on its facts from the present action. In *Hagen*, the court stated that the temporary restraining order was granted with notice to the adverse party, so that it was not limited in duration to the ten days prescribed by Rule 92.02(b). *Id.* at 385.

In the present action, however, plaintiffs sought, and the court issued, the temporary restraining order without notice, in accordance with Rule 92.02(b). The temporary restraining order thus expired by its very nature. The decision in *Hagen*, therefore, is not dispositive of the action before us. The trial court's order is not appealable.

 In addition, even if the dissolution of the temporary restraining order were appealable, it would not be so in this case because the trial court's order does not constitute a final judgment. There are claims remaining for the trial court to adjudicate. Also, as to the order dissolving the temporary restraining order and denying the preliminary injunction, the trial court did not expressly determine that there was no just reason for delay in accordance with Rule 74.01(b). The order therefore is not final for purposes of appeal.

The appeal is dismissed.

REINHARD and CRIST, JJ., concur.