Amy BURKY and Judy Burky,
Respondents,

v.

Kevin J. STEPHAN, Appellant.

No. ED 86281.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 11, 2005.

Marion H. Pines, St. Louis, MO, for respondent.

George J. Luberda, Clayton, MO, for appellant.

GLENN A. NORTON, C.J.

Kevin J. Stephan (Appellant) appeals from the trial court's order entering a permanent injunction on Count I of Amy and Judy Burky's (Respondents) petition. Because there is no final, appealable judgment, we dismiss the appeal.

Respondents filed a petition against Appellant, asserting three counts: (1) Count I, permanent injunction to direct Appellant to withdraw a mechanic's lien he had filed against their property; (2) Count II, damages for slander of title; and (3) Count III, damages for slander of credit. On April 12, 2005, the trial court entered a permanent injunction, as requested in Count I, and ordered Appellant to dismiss and withdraw his mechanic's lien. Appellant appealed to this Court.

Respondents have filed a motion to dismiss the appeal, contending the order granting the permanent injunction is not a final, appealable judgment because it does not dispose of all parties and issues in the case.

■ An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *American Family Mut. Ins. Co. v. Lindley*, 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which makes it subject to revision by the trial court at any time until final judgment. Rule 74.01(b); *Goodson v. National Sports and Recreation, Inc.*, 136 S.W.3d 98, 99 (Mo.App. E.D.2004). Here, the trial court

only ruled on Count I of Respondents' petition. Counts II and III admittedly remain pending in the trial court. Accordingly, there is no final, appealable judgment.

Appellant has filed a response to the motion to dismiss. He first contends the order granting injunctive relief is appealable under section 512.020, RSMo Cum. Supp.2004, because it is the same as "dissolving an injunction." We disagree. The trial court never dissolved an injunction. Before signing the order granting the permanent injunction, the trial court made some notations in handwriting that changed the form order from a temporary injunction to a permanent injunction. Despite Appellant's assertions, this is not the same as dissolving an injunction that has already been entered. *See, Hagen v. Bank of Piedmont,* 763 S.W.2d 384, 385 (Mo.App. S.D.1989) (discussion of appeal from order dissolving an injunction).

Appellant also contends that the trial court authorized this appeal when it directed Appellant to "seek other remedies in other courts." There is no exception in the statute or rule that would authorize an appeal under these circumstances. Rule 74.01(b) does allow a trial court to certify a partial judgment for appeal by stating "there is no just reason for delay." The trial court did not make that determination.

Finally, Appellant asserts that the grant of injunctive relief is appealable because it carried with it an implication that his claim for the lien amount was unlawful. Appellant relies upon *Troske v. Martigney Creek Sewer Co.,* 706 S.W.2d 282, 285 (Mo.App. E.D.1986). In that case, the court found that a counterclaim had been disposed of by implication when the trial court issued a permanent injunction. *Id.* Here, the ruling on the permanent injunction does not necessarily dispose of Respondents' remaining claims for slander of title and slander of credit.

Respondents' motion to dismiss is granted. The appeal is dismissed without prejudice for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.