LOU STECHER, INC.,
Plaintiff-Respondent,

v.

Robert DEUTSCH, et al.,
Defendants-Appellants.

No. 46554.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 13, 1983.

Earl B. Wilburn, St. Louis, for defendants-appellants.

Lawrence P. Kaplan, St. Louis, for plaintiff-respondent.

CLEMENS, Senior Judge.

Defendant labor union filed an appeal from the trial court's second order restraining it from picketing plaintiff's stores.

The immediate issue here is whether the challenged order is final and appealable. We hold it was not and dismiss the attempted appeal without prejudice.

Two temporary restraining orders, and their modification, are now at issue. By the first orders issued July 8, 1982 the trial court restrained striking defendants from picketing specified areas near plaintiff's stores. Later, plaintiff store-owner moved the court to hold defendants in contempt for violating the original injunctions. Defendants countered by moving the trial court to modify its original injunctions by liberalizing the injunctions. By its now challenged order entered November 19, 1982 the trial court refused to do so; instead it denied defendants the relief they sought and found them in contempt. The court further restrained defendants from entering plaintiff's parking lot for any purpose. It then ordered:

"And further the Court takes as submitted and under advisement the question of further sanctions against the defendants herein and reserves the right to enter any further appropriate orders against defendants."

Defendants then filed their purported notice of appeal.

Here, defendants cite two cases. Each bars a trial court from modifying a permanent injunction. Neither bars the trial

court from modifying a temporary injunction. And we note that here the now challenged modification order arose from denial of the defendants' own motion to modify the original injunctive relief.

In *Simms v. Ford Motor Credit Corp.*, 605 S.W.2d 212[1] (Mo.App.1980) we held that where the trial court's order was on a temporary injunction hearing that was not a final appealable order. And, as explained in *Wallace v. Hankins*, 541 S.W.2d 82[2–4] (Mo.App.1976), omitting citations:

> To be ripe for appeal, a judgment or decree must finally dispose of all issues raised by the pleadings, ... and must constitute a final disposition of the cause.... If an intended judgment does not dispose of all issues and all parties in the case or does not form a final disposition of the matter, it is not a final appealable judgment and we have no jurisdiction to entertain an attempted appeal therefrom.

Since there was no appealable order the purported appeal is dismissed, without prejudice.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.