**Michael POMIRKO, Plaintiff-Appellant,**

v.

**Homer E. SAYAD, et al.,
Defendants-Respondents.**

**No. 49329.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 25, 1985.

**324**

Donald V. Nangle, St. Louis, for plaintiff-appellant.

Daniel H. Cregan, St. Louis, for defendants-respondents.

SATZ, Judge.

Plaintiff appeals from the denial of his petition for a temporary restraining order. We dismiss the appeal as premature.

Plaintiff is an owner and "bailor" of video poker machines. Defendants are the members of the Board of Police Commissioners of the Metropolitan Police Department of the City of St. Louis and the Chief of Police.

On October 15, 1984, plaintiff filed a petition to enjoin the defendants from seizing his video poker machines and those of others in their jurisdiction as per se gambling devices. In his petition, denominated "Petition for Temporary Restraining Order Without Notice," plaintiff requested both temporary and permanent injunctive relief until a perceived conflict between two opinions issued by separate Divisions of this Court was "finally resolved by appeal to the Missouri Supreme Court...."[1] On October 19, 1984 a hearing on plaintiff's petition was held. The trial court entered its order denying the petition for a temporary restraining order.

In his first point on appeal, plaintiff contends the trial court's order denying his petition for a temporary restraining order was, in effect, a denial of a petition for permanent injunctive relief and a determination of the cause on the merits; therefore, plaintiff reasons, the trial court's order is a final appealable judgment. We disagree.

There are three permissible phases in an injunction proceeding: 1) a restraining order granted against a defendant with or without notice or hearing; 2) a temporary injunction granted after notice and hearing; and 3) a permanent injunction granted after a final disposition on the merits of the case. Rule 92.02. *See also Frimel v. Humphrey*, 555 S.W.2d 350, 352 (Mo.App.1977). Temporary restraining orders and temporary injunctions merely seek to maintain the status quo between the parties and therefore are not final judgments on the merits. *E.g., C.M. Brown & Assocs., Inc. v. King*, 662 S.W.2d 572, 573 (Mo.App.1983); *State ex rel. Schoenbacher v. Kelly*, 408 S.W.2d 383, 388 (Mo.App. 1966). Consequently, the denial of a prayer for a temporary restraining order or a temporary injunction is not appealable. *E.g., Reproductive Health Services, Inc. v. Lee*, 660 S.W.2d 330, 339 (Mo.App.1983).

1. Plaintiff perceives a conflict between *In the Matter of: An Omega Brand,* 676 S.W.2d 292 (Mo.App.1984) and *Thole v. Westfall,* 682 S.W.2d 33 (Mo.App.1984).

The record does not show the trial court's order to be a denial of permanent injunction after a final determination on the merits. The record reveals no evidence to show the hearing held on October 19 was a full hearing on the merits of the case. The record does not contain an answer or motion filed by defendants framing or joining all of the issues. *See, e.g., Simms v. Ford Motor Credit Co.,* 605 S.W.2d 212, 214 (Mo.App.1980). There is no trial court order to try the action on the merits, Rule 92.02(a)(2), nor is there any stipulation or implicit agreement by the parties to a hearing on the merits, *see, e.g., Reproductive Health Services,* 660 S.W.2d at 339. *Cf. Frimel,* 555 S.W.2d at 352. In addition, the trial judge specifically wrote on the order that she was denying plaintiff's request for a temporary restraining order after crossing out the words "injunctive relief." [2]

■ We recognize that nomenclature is not always determinative in an action seeking injunctive relief, *see, e.g., Frimel,* 555 S.W.2d at 352, and that a plaintiff can forego any procedural phase and proceed directly to the last phase on the merits, *see, e.g., Bayer v. Associated Underwriters, Inc.,* 402 S.W.2d 11, 12 (Mo.App.1966). But, unless the parties agree otherwise and the agreement is apparent from the record, the cause may not be finally determined on the evidence submitted at the hearing on the application for preliminary injunctive relief. *See, e.g., Reproductive Health Services,* 660 S.W.2d at 338. *See also Cooper v. Anschutz Uranium Corp.,* 625 S.W.2d 165, 170–71 (Mo.App.1981); *Bayer,* 402 S.W.2d at 13.

■ Having determined that plaintiff was only denied temporary injunctive relief, we dismiss plaintiff's appeal as being premature and as not being from a final order.

SMITH, P.J., and SNYDER, J., concur.

---

**2.** We need not determine whether the order was a denial of a temporary restraining order or a denial of a temporary injunction; in either case, the order would not be appealable. *See, e.g., Lou Stecher, Inc. v. Deutsch,* 662 S.W.2d 316, 317 (Mo.App.1983). Usually, the only real distinction between the two is in the time and extent of restraint. *See Perseverance Common School District No. 90 v. Honey,* 367 S.W.2d 243, 247 (Mo.App.1963).