Mark A. LANDERS, Plaintiff–
Respondent,

v.

Michael D. HUFFMAN, Defendant–
Appellant,

and

Lila L. Huffman and Dean
Huffman, Defendants.

No. 19665.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 23, 1996.

John Alpers, Jr., Cabool, for appellant.

Randy R. Cowherd, Grant Q. Haden, Schroff, Glass & Newberry, P.C., Springfield, for respondent.

GARRISON, Judge.

This appeal is from a judgment in which the trial court found that Respondent, Mark A. Landers (Plaintiff), and his successors and assigns were entitled to a thirty-foot prescriptive easement for a road across adjoining property owned by Defendants Michael D. Huffman and Lila L. Huffman and occupied by Defendant Dean Huffman. It also permanently enjoined Defendants from interfering with the use of the roadway. Only Michael D. Huffman (Appellant) appeals.[1]

The trial court initially issued a temporary restraining order and later issued a preliminary injunction after receiving evidence, including the testimony of Defendant Dean Huffman. On the day the case was set for trial on the merits, Plaintiff filed two motions. The first was a motion for a judgment on the pleadings based on the failure of Defendants to file an answer to the second amended petition. That motion was overruled because Defendants filed an answer that day.

The second motion was a "Motion For Judgment Based On Defendants' Judicial Statements." In it, Plaintiff alleged that "the Defendant Dean Huffman presented evidence from various persons including himself" at the hearing for the preliminary injunction, and that Dean Huffman's testimony contained admissions of the elements of Plaintiff's case. Plaintiff's counsel argued that Dean Huffman's testimony constituted judicial admissions with the result that "the party that makes that statement cannot now come forward to disprove his statement."[2] He also argued that "we feel like, as to the count on—Count No. 1, asking for a prescriptive easement, that we're entitled to that and that a judgment, based on his own admissions, those facts are conclusively taken out of this case." As a result, Plaintiff contended that the only thing they needed to proceed on was the count for damages.

Defendants' counsel argued that Dean Huffman was not an owner of the property, and there were no admissions by either of the owners. Plaintiff's attorney responded by saying that Dean Huffman is a party to the suit, but acknowledged that if the owners wanted "to come in and say something different today, I guess he [sic] could, but not Mr. Huffman." We note, however, that neither Defendant (Appellant) Michael D. Huffman nor Defendant Lila D. Huffman were present for trial, and that none of the Defendants offered any evidence or made an offer of proof.

The trial court then said:

> Well, to make a long matter shorter, I heard all—I heard the evidence last time. The—I went out and looked at the road....
>
> ... But I'm going to sustain the motion for judgment as to the prescriptive easement because that's what I feel it is, Mr. Huffman.
>
> Based upon the testimony that I heard, I don't need to hear anything else that I heard back in March of last year....
>
> ... And you can present whatever evidence you want on damages for lost crops or ... whatever.

After hearing evidence on the issue of damages, the trial court announced that it was finding in favor of Defendants on that issue. Thereafter, it entered a written judgment which included the following:

> The Court considers the Plaintiff's Motion For Judgment on Count I and sustains the same. Plaintiff produces evidence on

---

1. The Notice of Appeal filed in this case identifies only Michael D. Huffman as the appellant. We, therefore, conclude that he alone appeals from the judgment entered by the trial court. *See Moore v. City of Pacific,* 534 S.W.2d 486, 493–94 (Mo.App.E.D.1976).

2. We do not decide whether the testimony in question constituted judicial admissions.

Count III and rests. The Court finds in favor of Defendant's [sic] on Count III. Plaintiff dismisses Courts [sic] II and IV as a result of the judgment in favor of Plaintiff on Court [sic] I.

The judgment also specifically found the existence of a prescriptive easement and entered a permanent injunction against interference with its use.

■ An appellate court is to sustain a judgment entered in a court-tried case unless there is no substantial evidence to support it, unless it is against the *weight of the evidence*, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court on questions of credibility of witnesses and the choice between conflicting evidence. *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.S.D.1988).

Appellant's single point relied on is as follows:

> The trial court erred in entering its judgment for plaintiff because it was not supported by any evidence, defendants were not allowed time to respond to plaintiff's motion for judgment nor were defendants allowed to respond pursuant to Supreme Court rules.

■ Plaintiff correctly points out the deficiencies in the point relied on. Rule 84.04(d)[3] requires that a point relied on "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." These requirements are mandatory. *Hoffman v. Koehler*, 757 S.W.2d at 292.

■ The requirements of Rule 84.04(d) are interpreted in the often cited case of *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978), where the court said:

> After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial

court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

It is not sufficient to merely set out what the alleged errors are without stating why. *Hoffman v. Koehler*, 757 S.W.2d at 292. Rule 84.04(d) also provides that "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule."

■ Appellant's point in the instant case apparently attempts to raise three matters of alleged error, to wit: (1) the judgment was "not supported by any evidence"; (2) Defendants were "not allowed time to respond to Plaintiff's motion for judgment"; and (3) Defendants were not "allowed to respond pursuant to Supreme Court rules." A point which contains multifarious claims of error is not in compliance with Rule 84.04(d). *DeCota Elec. & Indus. Supply, Inc. v. Continental Casualty Co.*, 886 S.W.2d 940, 941 (Mo.App.S.D. 1994).

■ A point relied on which violates Rule 84.04(d) preserves nothing for appellate review. *Bentlage v. Springgate*, 793 S.W.2d 228, 229–31 (Mo.App.S.D.1990). Nevertheless, an appellate court may, in its discretion, review for plain error which causes manifest injustice or miscarriage of justice, if the contentions can be understood from the argument section of the brief. *See Great S. Sav. & Loan Ass'n v. Wilburn*, 887 S.W.2d 581, 583 (Mo. banc 1994). We have attempted to do so in the instant case.

■ In Appellant's brief, he argues that Defendants were not given five days' notice of the hearing on Plaintiff's "Motion For Judgment On Pleadings" as required by Rule 44.01(d). While Plaintiff did file such a motion on the day of trial, immediately prior to its commencement, that motion was overruled by the trial court. Defendants, therefore, obviously suffered no prejudice by reason of any failure to provide notice that such motion would be heard. Based on this, to-

---

**3.** All references to rules are to Missouri Rules of Court (1994).

gether with the fact that Defendants made no objection to the lack of notice, this portion of the point is without merit. *See Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330, 338 (Mo.App.E.D.1983).

■ The third portion of the point, referring to Defendants not being "allowed to respond pursuant to Supreme Court rules," if intended to refer to anything different than the second portion of the point, is totally inadequate. Not only is this portion of the point in violation of Rule 84.04(d), but the argument section of the brief wholly fails to clarify Appellant's complaint in this regard. Likewise, this portion of the point is without merit.

■ Appellant complains, in the remaining portion of the point, that the judgment was "not supported by any evidence." Notwithstanding the fact that there is arguably no reference in the point to the wherein and why requirements of Rule 84.04(d) (*see Bentlage v. Springgate,* 793 S.W.2d at 229–31), we note that the questions for decision on appeal are those stated in the points relied on. *Greene County Concerned Citizens v. Board of Zoning Adjustment,* 873 S.W.2d 246, 255 (Mo.App.S.D.1994). We interpret this portion of the point to allege that no evidence of any kind was before the court when it entered the judgment in question, as opposed to any claim that the evidence was insufficient to support the judgment. This interpretation is consistent with the statement in the argument section of Appellant's brief that "there was no evidence on the record to support the Court's Judgment in favor of Plaintiff. The transcript fails to show the offer of any evidence of any prior proceedings prior to the Court's making its decision." Appellant also cites *Swallows v. Holden,* 723 S.W.2d 576, 578 (Mo.App.S.D.1987), for the statement that "[s]ince the record on appeal fails to show that evidence was adduced, this court must presume that evidence was not adduced."

Rule 92.02(a)(2), however, provides, in part:

"[A]ny evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial."

*See also Mertzlufft v. Bunker Resources Recycling & Reclamation, Inc.,* 760 S.W.2d 592, 597 (Mo.App.S.D.1988). The trial court, therefore, was permitted to consider the evidence presented at the hearing on the preliminary injunction. It is incorrect to contend that the judgment "was not supported by any evidence." There was evidence presented at that hearing which would support the judgment entered by the trial court.

■ Appellant raises no issue concerning whether the trial court erred in entering its judgment solely on the evidence presented at the hearing on the preliminary injunction without notice or agreement that it could do so. *See Nelson v. Brentwood Condominium Ass'n,* 742 S.W.2d 233, 235–36 (Mo.App.W.D. 1987); *Pomirko v. Sayad,* 693 S.W.2d 323, 325 (Mo.App.E.D.1985). It is also significant that Defendants made no offer of proof and have not contended, either at trial or on this appeal, that there was additional evidence available which they desired to present concerning the issues before the court. An appellate court cannot review for prejudice in the absence of an offer of proof. *Bacon v. Bacon,* 670 S.W.2d 594, 597 (Mo.App.E.D. 1984). If there is no demonstrated prejudice, the error, if any, cannot be said to have materially affected the merits of the action. *R.L. Hulett & Co. v. Barth,* 884 S.W.2d 309, 311 (Mo.App.E.D.1994). We are precluded from reversing a judgment unless we find that error was committed against the appellant materially affecting the merits of the action. Rule 84.13(b). The issue presented to us and the facts prevent us from doing so in the instant case.

Plaintiff filed a Motion To Dismiss Appeal based on the allegation that the appeal on its face is without merit. The motion referred to matters already discussed in this opinion and is denied.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.