STATE ex rel. DIRECTOR OF
REVENUE, STATE OF
MISSOURI, Relator,

v.

Honorable A. Rex GABBERT,
Judge Circuit Court, Clay
County, Respondent.

No. 78537.

Supreme Court of Missouri,
En Banc.

June 25, 1996.

Rehearing Denied Aug. 20, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for relator.

Jeffrey S. Eastman, Gladstone, for respondent.

ORIGINAL PROCEEDING
IN PROHIBITION

PRICE, Judge.

*I.*

Bonnie Kay Sellars was arrested for driving while intoxicated. A breath analysis test indicated she had a blood alcohol concentration of 0.22%. Her driving privilege was suspended pursuant to § 302.525, RSMo 1994.[1] The suspension was upheld after an administrative hearing. *§ 302.530.* Sellars then filed a petition in the circuit court for a trial de novo. *§ 302.535.* Along with the petition, Sellars filed an "Application for Stay" of the suspension of her driving privilege.

The only reason given by Sellars in support of her stay is that if the license suspension "is not stayed, pending the conclusion of this de novo proceeding, Petitioner will suffer irreparable damage and undue hardship in that she will be deprived of a meaningful method by which to travel to and from her place of employment and to travel in the scope and course of her employment." The "Application for Stay" further argues that the trial court has the inherent power to grant such stays and the legislature cannot forbid the court from so acting. This argu-

---

1. All statutory references are to Missouri Revised Statutes, 1994.

ment was made despite a provision in § 302.535.2 stating that "the filing of a petition for trial de novo shall not result in a stay of the suspension or revocation order."

The trial court entered an order staying the suspension "until the conclusion of the de novo proceeding and [its] ruling as to the constitutionality of section 302.535(2), R.S.Mo." We issued a preliminary order in prohibition, which we now make absolute. We have jurisdiction. *Mo. Const. art. V, § 4.*

## II.

■ The Director of Revenue argues that the trial court had no subject matter jurisdiction to stay the license suspension under § 302.535.2 because the statute absolutely prohibits a trial court from granting a stay of a driver's license suspension. Sellars responds that such a statutory prohibition is a violation of the separation of powers doctrine. We do not reach this constitutional question,[2] however, because Sellars has not shown any entitlement to a stay, regardless of the power of the trial court to issue one. We do not address constitutional issues when a case can be otherwise resolved. *State ex rel. Leggett v. Sovran Leasing Corp.,* 909 S.W.2d 664, 668 (Mo. banc 1995); *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 227 (Mo. banc 1982); *see also State v. Zimmerschied,* 1995 WL 761443 (Ohio App. 12 Dist.) (explaining in a similar case that the constitutional separation of powers issue was not addressed because the suspended driver presented no facts demonstrating why he would be entitled to a stay).

## III.

■ There is relatively little Missouri case law concerning the elements required to obtain a preliminary injunction or a stay because such matters are interlocutory and generally not appealable. *Furniture Mfg. Corp. v. Joseph,* 900 S.W.2d 642, 646 (Mo. App.1995). Nevertheless, this is a well-established area of the law. When considering

a motion for a preliminary injunction, a court should weigh "the movant's probability of success on the merits, the threat of irreparable harm to the movant absent the injunction, the balance between this harm and the injury that the injunction's issuance would inflict on other interested parties, and the public interest." *Pottgen v. Missouri State High Sch. Activities Assoc.,* 40 F.3d 926, 928 (8th Cir.1994); *Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 114 (8th Cir. 1981) (en banc). A petitioner must make some showing of probability of success on the merits before a preliminary injunction will be issued. *Triad Systems Corp. v. Southeastern Exp. Co.,* 64 F.3d 1330, 1334 (9th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1015, 134 L.Ed.2d 96 (1996); *In re Y & A Group Securities Litigation,* 38 F.3d 380, 383 (8th Cir.1994); *Fogle v. H & G Restaurant, Inc.,* 654 A.2d 449, 456 (Md.1995); *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993).

■ The factors and analysis for granting a stay of an administrative order are substantially the same as those for issuing a preliminary injunction. It is the movant's obligation to justify the court's exercise of such an extraordinary remedy. 2 Am.Jur.2d *Administrative Law* § 600. An administrative order or decision will not be stayed pending appeal where the applicant has not sustained his or her burden of proof or otherwise has not made the required showings. 73A C.J.S. *Public Administrative Law and Procedure* § 195(a), (b).

This issue was directly addressed in *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm.,* where it was stated:

As with a stay of a district court order in a civil proceeding pending appeal, the determination of whether a stay of an agency's order is warranted must be based on a balancing of four factors. These factors are: (1) the likelihood that the party seeking the stay will prevail on the merits; (2)

**2.** See the following authority regarding the constitutional issue: *Mo. Const. art. II, § 1; Mo. Const. art. V, § 18; State ex rel. King v. Kinder,* 690 S.W.2d 408, 409 (Mo. banc 1985); *State v. Baker,* 70 Ohio Misc.2d 49, 650 N.E.2d 1376, 1390 (Mun.1995); *Ardt v. Illinois Dept. of Profes-* *sional Regulation,* 607 N.E.2d 1226, 1230 (Ill. 1992); *Smothers v. Lewis,* 672 S.W.2d 62, 64–65 (Ky.1984); *State v. Hochhausler,* 1995 WL 308484 (Ohio App. 12 Dist.); *Commission on Medical Discipline v. Stillman,* 291 Md. 390, 435 A.2d 747, 755 (1981).

the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. [Citation omitted]. These factors are the same ones considered in evaluating the granting of a preliminary injunction.

812 F.2d 288, 290 (6th Cir.1987) (citations omitted).

In order for the reviewing court to adequately balance these factors, the party seeking a stay must provide the court with evidence supporting each of these assertions. *Celebrezze,* 812 F.2d at 290. The movant must show that the probability of success on the merits and irreparable harm decidedly outweigh any potential harm to the other party or to the public interest if a stay is issued. *Id.* Of course, this inquiry should not be rigid or "wooden" and cannot be accomplished with "mathematical precision:" *Dataphase Systems, Inc.,* 640 F.2d at 113. "The equitable nature of the proceeding mandates that the court's approach be flexible enough to encompass the particular circumstances of each case." *Id.*

■ Here, Sellars has neither alleged nor shown any facts or issues of law that would establish any probability of success on the merits. An allegation of hardship alone resulting from the suspension of her driver's license will not suffice. Regardless of any constitutional argument of the inherent power of the court, Sellars was not entitled to a stay. The writ of prohibition is made absolute.

It is so ordered.

All concur.