STATE of Missouri ex rel. MYERS MEMORIAL AIRPORT COMMITTEE, INC., a Missouri Not–For–Profit Corporation, et al., Appellants,

v.

The CITY OF CARTHAGE, Missouri, a Missouri municipal corporation, et al., Respondents.

No. 21433.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 10, 1997.

---

Robert H. Freilich, Stephen J. Moore, Freilich, Leitner & Carlisle, Kansas City, for appellants.

David C. Dally, Crandall, Dally & Podleski, Carthage, George M. Johnson, Andereck, Evans, Milne, Peace & Baumhoer, L.L.C., for respondents.

CROW, Judge.

Plaintiffs, Myers Memorial Airport Committee, Inc. and eight individuals, brought this action seeking to prevent the City of Carthage ("City") from closing Myers Memorial Airport ("Airport"), which City had operated since 1933. Named as Defendants in addition to City were its mayor and members of its city council.

The chronology of the action during its brief habitancy in the trial court was:

October 29, 1996. Plaintiffs file petition.

November 14, 1996. Plaintiffs file first amended petition[1] comprising seven counts.

December 2, 1996. Defendants file motion to dismiss.

December 27, 1996. Trial court holds hearing on Defendants' motion to dismiss and Plaintiffs' prayer for a preliminary injunction barring Defendants from closing Airport "pending final determination of this cause."

December 31, 1996. Trial court enters judgment denying all relief sought by Plaintiffs in all counts.[2]

Plaintiffs appeal. The first of their three points relied on avers the trial court erred by entering judgment on all counts in that:

"(1) the City filed no responsive pleadings; (2) the parties only appeared before the trial court for a hearing regarding the preliminary injunction; (3) the trial court did not give notice that it would consolidate the trial with the preliminary injunction hearing; (4) the parties did not consent to consolidation of the trial with the preliminary injunction hearing; (5) [Plaintiffs] only presented evidence in support of the preliminary injunction; (6) neither [Plaintiffs] nor [Defendants] presented evidence on the merits of the first amended petition; and (7) there has never been a trial on the merits of the first amended petition."

■ We first address clause "(1)" in the above point, which avers City filed no responsive pleadings.

The first paragraph of the statement of facts in Plaintiffs' brief proclaims the allegations in their first amended petition "are deemed admitted because no responsive pleadings were filed controverting any allegations." The proclamation is fatuous.

Defendants' motion to dismiss asserted Plaintiffs' first amended petition failed to state a cause of action for which relief may be granted; Defendants' motion further pled that Plaintiffs lacked standing to bring this action. Defendants' motion to dismiss was timely. Rules 55.25(a) and 55.27(a).

The trial court's judgment contained no ruling on Defendants' motion to dismiss. Inasmuch as Defendants' motion to dismiss was never denied, Defendants were never required to file an answer. Rule 55.25(c). Consequently, Rule 55.09—which sets forth the consequences of failure to deny averments in a pleading to which a responsive pleading is required—never became applicable. All of this is clearly explained in *Olson v. Auto Owners Insurance Co.*, 700 S.W.2d 882, 885[5] (Mo.App. E.D.1985). Plaintiffs' averment that the allegations in their first amended petition are deemed admitted is patently meritless.

Having set that straight, we shift our attention to the substance of Plaintiffs' first point, i.e., Plaintiffs' contention that the trial court erred by entering judgment on all claims in Plaintiffs' first amended petition when the only issues before the court on December 27, 1996, were those raised by Defendants' motion to dismiss and Plaintiffs' prayer for a preliminary injunction.

■ A trial court is authorized to issue three types of orders granting relief in an injunction proceeding: (1) a temporary restraining order, (2) a preliminary injunction,

---

**1.** Rule 55.33(a), Missouri Rules of Civil Procedure (1996). In this opinion, references to Rules are to the 1996 version.

**2.** Relief sought by Plaintiffs, in addition to a preliminary injunction, included a permanent injunction barring Defendants from closing Airport and from selling any portion of it without approval by the voters of City, a declaration that Defendants cannot close Airport without an enforceable commitment to build a new one with funds acquired from a lawful sale of Airport, and other far ranging relief.

and (3) a permanent injunction. *St. Louis Concessions, Inc. v. City of St. Louis*, 926 S.W.2d 495, 497[2] (Mo.App. E.D.1996); *Jackes–Evans Manufacturing Co. v. Christen*, 848 S.W.2d 553, 556[4] (Mo.App. E.D. 1993); *Pomirko v. Sayad*, 693 S.W.2d 323, 324[1] (Mo.App. E.D.1985). The purpose of the first two is to preserve the status quo until the trial court adjudicates the merits of the claim for a permanent injunction. *St. Louis County v. Village of Peerless Park*, 726 S.W.2d 405, 410[9] (Mo.App. E.D.1987); *Pomirko*, 693 S.W.2d at 324[2].

■ Rule 92.02(a)(2) authorizes a trial court, before or after commencement of a hearing on an application for a preliminary injunction, to order the trial of the action on the merits to be consolidated with the hearing on the application. *Jackes–Evans*, 848 S.W.2d at 556; *Reproductive Health Services, Inc. v. Lee*, 660 S.W.2d 330, 339–40 n. 7 (Mo.App. E.D.1983). However, any such order must be clear and unambiguous. *Big Valley, Inc. v. First National Bank of Pulaski County*, 578 S.W.2d 616, 618[3] n. 3 (Mo. App. S.D.1979). The record in the instant case contains no such order.

■ Absent such order, a trial court may not adjudicate the merits of a claim for a permanent injunction on the evidence presented at a hearing on an application for a preliminary injunction unless the parties so agree. *Pomirko*, 693 S.W.2d at 325[3]; *Reproductive Health Services*, 660 S.W.2d at 339. The record in the instant case displays no such agreement.

Furthermore, as noted earlier,[3] Plaintiffs' first amended petition sought more than injunctive relief; it prayed, *inter alia*, that the trial court declare City has sundry duties and obligations regarding Airport and that the court order an accounting as to certain funds. Nothing in the record indicates those issues were tried—by agreement or otherwise—at the hearing December 27, 1996.

■ It thus appears the trial court erred in entering judgment on issues other than

those raised by Defendants' motion to dismiss and Plaintiffs' prayer for a preliminary injunction.

However, Defendants argue:

"The trial court did not err by entering judgment on all counts of the petition because the trial court should have considered the motion to dismiss filed by the [Defendants] to be a motion for summary judgment in that [the court] had heard evidence and received affidavits and other written evidence in the matter."

In support of that argument, Defendants cite *State ex rel. Childress v. Anderson*, 865 S.W.2d 384, 386[3] (Mo.App. S.D.1993), which holds that when a party introduces evidence beyond the pleadings, a motion to dismiss is automatically converted to a motion for summary judgment.

The short answer to Defendants' argument is that the trial court heard no evidence on Defendants' motion to dismiss. At the outset of the hearing on December 27, 1996, the parties presented argument on the motion. At the conclusion of argument, the trial court announced it was "going to take the motion to dismiss under advisement." Thereafter, Plaintiffs presented evidence in support of their prayer for a preliminary injunction. Defendants presented no evidence except a map, received by the court during Plaintiffs' evidence. It had no bearing on the motion to dismiss.

Furthermore, the judgment itself demonstrates the trial court did not treat Defendants' motion to dismiss as a motion for summary judgment. As reported earlier in this opinion, the judgment contains no ruling on Defendants' motion to dismiss.[4]

■ Finally, had the trial court meant its judgment to be a summary judgment, it would have erred. As explained in *Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357, 363[17, 18] (Mo.App. S.D.1983):

"Before a trial court may treat a motion to dismiss as one for summary judgment,

---

3. Footnote 2, *supra*.

4. The judgment states, *inter alia:* "The Court passes on the Defendants' Motion to Dismiss at

this time and proceeds to address the issues contained in the Plaintiffs' petition."

when matters outside the pleadings are presented and not excluded, it must first notify the parties that it is treating the motion as one for summary judgment and give the parties opportunity to present all material pertinent to a motion for summary judgment. Rule 55.27(a). *American Drilling v. City of Springfield*, 614 S.W.2d 266, 270 (Mo.App.1981). The record fails to disclose that the trial court complied with the foregoing procedure before it treated the motion as one for summary judgment and accordingly it had no right to do so. *Gramlich v. Travelers Ins. Co.*, 640 S.W.2d 180, 183[1] (Mo.App.1982)."

As in *Counts*, the record in the instant case fails to demonstrate that the trial court alerted the parties it was treating Defendants' motion to dismiss as one for summary judgment. We therefore reject Defendants' hypothesis that the trial court should have considered (or did consider) the motion to dismiss as one for summary judgment.

We hold the trial court erred in entering judgment on claims in Plaintiffs' first amended petition other than those for a temporary restraining order and a preliminary injunction.[5] The portions of the judgment denying Plaintiffs' claims other than those for a temporary restraining order and a preliminary injunction[6] must be reversed. *State ex rel. Eagleton v. Cameron*, 384 S.W.2d 627 (Mo. 1964); *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11 (Mo.App.1966).

That brings us to Plaintiffs' second point, which reads:

"The trial court erred by denying a temporary[7] injunction to keep the Airport open, because [Plaintiffs] demonstrated (1) the threat of irreparable harm to [them] as well as the citizens and business communi-ty of Carthage, (2) that the harm to [Plaintiffs] outweighs the City's interest in closing the Airport, (3) a probability that [Plaintiffs] will succeed on the merits, and (4) that the public interest lies in keeping the Airport open."

■ Plaintiffs concede in their brief that a denial of a preliminary injunction is not appealable. This court so held in *Hagen v. Bank of Piedmont*, 763 S.W.2d 384 (Mo.App. S.D.1989):

"Generally orders entered during the temporary injunction stage are not final orders, thus no appeal lies from the denial of a preliminary injunction. *Eickelmann v. Eickelmann*, 724 S.W.2d 261, 262 (Mo.App. 1986); *C.M. Brown & Associates, Inc. v. King*, 662 S.W.2d 572, 573 (Mo.App.1983); *Simms v. Ford Motor Credit Co.*, 605 S.W.2d 212, 214 (Mo.App.1980); *Frimel v. Humphrey*, 555 S.W.2d 350, 352 (Mo.App. 1977); *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11, 13 (Mo.App.1966)."

*Hagen*, 763 S.W.2d at 385[1].[8]

The instant case, however, has reached this court by appeal from a final judgment denying all claims for relief. Thus, the first question we encounter in considering Plaintiffs' second point is whether the trial court's denial of Plaintiffs' prayer for a preliminary injunction—a ruling not independently appealable—is eligible for review in this appeal.

Plaintiffs cite no case (and we find none) where, in an appeal from a judgment denying, in toto, a claim for injunctive relief, an appellate court has reviewed a complaint that the trial court erred in denying an application for a preliminary injunction.

*Bayer*, 402 S.W.2d 11, is identical to the instant case in that the plaintiff sought a

---

5. Plaintiffs' first amended petition sought both a temporary restraining order and a preliminary injunction. However, it is clear from the record that Plaintiffs, at the hearing December 27, 1996, were seeking a preliminary injunction instead of merely a temporary restraining order (which would have been of brief duration). *See:* Rule 92.02(b).

6. Footnote 5, *supra*.

7. We assume Plaintiffs meant "preliminary," not "temporary."

8. *Hagen* explains that where a temporary restraining order has been issued and dissolved, the order of dissolution is appealable. 763 S.W.2d at 385[2]. The rationale for that rule of law appears in *Hagen* and need not be repeated here. That rule does not aid Plaintiffs, as the trial court issued no temporary restraining order or preliminary injunction, hence the judgment dissolved nothing.

preliminary injunction and a permanent injunction. *Id.* at 12. Following a hearing on the prayer for a preliminary injunction, the trial court denied that relief and dismissed the petition. *Id.* The appellate court held the trial court erred in dismissing the petition. *Id.* The appellate court reversed the judgment and remanded the case with a directive to "proceed as to all relief sought except plaintiff's plea for a temporary injunction." *Id.* at 13. The appellate court did not consider whether it was error to deny the preliminary injunction. The court merely said: "The plaintiff does not and may not appeal from the denial of his plea for a temporary injunction. That order was not appealable." *Id.* at [6].

For the reasons that follow, we need not decide whether an appellate court, in an appeal from a judgment denying a permanent injunction, may determine whether a trial court erred in denying a preliminary injunction.

As noted earlier in this opinion, the purpose of a preliminary injunction is to preserve the status quo until the trial court adjudicates the merits of the claim for a permanent injunction.

▆▆ The record contains an affidavit filed in the trial court on January 28, 1997 (four weeks after the judgment). It states that an underground gasoline storage tank at Airport has been filled with water, that the wind indicator sock has been removed, and that City has contracted for removal of the underground gasoline storage tanks upon receipt of approval by the Environmental Protection Agency.

Furthermore, Plaintiffs' brief tells us:

"[Plaintiffs] ... have been forced to close their businesses and move their airplanes, and their leasehold interests in hangars rented from the City have been impaired or lost. Additionally, the airplanes formerly based at the Airport have been relocated to airports in other cities."

9. Footnote 5, *supra.* Inasmuch as (1) Plaintiffs, at the hearing December 27, 1996, sought a preliminary injunction, not a temporary restraining order, and (2) their second point registered

Consequently, it appears that the circumstances that existed before the judgment—a functioning Airport—no longer exist and have not existed for some eight months. Therefore, even if the trial court erred in denying the preliminary injunction—we do not imply it did—a declaration by us that the trial court was wrong would not turn back the calendar and preserve the status quo during the months that have passed between the judgment and the filing of this opinion.

▆▆ A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487[5] (Mo. banc 1984). If a case becomes moot because some event occurs which makes it impossible for the reviewing court to grant effective relief, the appeal will be dismissed. *Perseverance Common School District No. 90 v. Honey*, 367 S.W.2d 243, 248[10] (Mo.App.1963); *Humphrey v. Humphrey*, 362 S.W.2d 92, 95[4] (Mo.App.1962).

Here, even if we held the trial court erred in denying the preliminary injunction, such a holding would grant no effective relief. As succinctly stated in *Perseverance Common School District:* "No court can turn back the clock and order not to be done that which has already occurred." 367 S.W.2d at 248.

We do not imply that all of the claims in Plaintiffs' first amended petition have become moot. Indeed, as explained earlier, we are reversing the portions of the judgment denying Plaintiffs' claims other than those for a temporary restraining order and a preliminary injunction.[9] However, inasmuch as it is evident that the issue of whether the trial court erred in denying a preliminary injunction is moot, we decline to address that issue.

▆▆ We do not ignore the assertion in the argument following Plaintiffs' second point that Rule 92.04 authorizes us to grant

no complaint about the trial court's failure to issue a temporary restraining order, we infer they have abandoned the prayer for such an order in their first amended petition.

an injunction or make any order appropriate to preserve the status quo. Because we cannot now prevent what has already occurred, we decline to exercise any authority we may possess under that rule.

Having found Plaintiffs' second point moot, we turn to their third (and final) point. It avers the trial court erred in denying Plaintiffs' prayer for a permanent mandatory injunction compelling City to "keep the Airport open." Plaintiffs maintain they are entitled to such relief because: (a) closing Airport violates a charitable public trust created by the individual who gave City the property where Airport sits, (b) closing Airport violates an initiative ordinance requiring a public vote prior to sale or change in use of property donated to City, and (c) closing Airport violates a Missouri statute requiring City to operate Airport for a specified number of years after receiving a grant of State funds for improvements to Airport.

As we understand Plaintiffs' brief, Plaintiffs tender their third point only in the event we hold the trial court was procedurally correct in adjudicating all claims in Plaintiffs' first amended petition solely on the evidence adduced at the hearing December 27, 1996.

We have already held, in deciding Plaintiffs' first point, that the trial court erred in entering judgment on claims other than those for a temporary restraining order and a preliminary injunction. Consequently, the condition on which Plaintiffs tender their third point does not exist. Accordingly, we do not consider that point.

In sum, we hold the trial court's denial of a preliminary injunction is moot, hence we express no opinion on that ruling. All portions of the judgment denying Plaintiffs' claims other than those for a temporary restraining order and a preliminary injunction are reversed, and the cause is remanded to the trial court for further proceedings.[10]

GARRISON, P.J., and PREWITT, J., concur.

---

10. As noted earlier, Defendants' motion to dismiss awaits a ruling.