

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| GARY COOK and MICHAEL A. COOK, | ) ) | |
| Respondents, | ) ) | |
| v. | ) ) | WD76288 |
| WILLIAM D. McELWAIN and SHARON E. McELWAIN, Husband and Wife, | ) ) ) ) | FILED: June 3, 2014 |
| Appellants. | ) | |

**Appeal from the Circuit Court of Bates County
The Honorable Michael C. Dawson, Judge**

**Before Division Two: Victor C. Howard, P.J., and Alok Ahuja and Gary D. Witt, JJ.**

The Circuit Court of Bates County issued permanent injunctive relief prohibiting a contemplated lease of farmland owned by the Millard J. Cook Trust and the Laverne K. Cook Trust. William and Sharon McElwain, the intended lessees of the property, appeal. Because the circuit court erroneously denied the McElwains a trial on the merits of the request for a permanent injunction, we reverse and remand the case to the circuit court for further proceedings.

## Factual Background

In May 1998, Millard Cook and his wife Laverne established two revocable trusts, the Millard J. Cook Trust and the Laverne K. Cook Trust (collectively the "Trusts"). Both Trusts own undivided one-half interests in land in Bates County.

The beneficiaries of the Trusts are the lineal descendants of Millard and Laverne Cook. The couple's children have been identified as Gary Cook, Michael Cook, Marilyn Wheatley, Thomas Cook, David Cook, Delbert Cook, and Judy Cook Transue. David Cook is presumed to be deceased but has a daughter, Janette.

Laverne Cook passed away in 1999. At the time of the events underlying this lawsuit, Millard Cook and his children Thomas Cook and Marilyn Wheatley acted as co-trustees of both Trusts.

Sharon McElwain is Millard Cook's niece, but is not a beneficiary of either Trust. In the Fall of 2010, one or more of the Trustees agreed to sell a fifteen-acre parcel of the land owned by the Trusts, on which a house was located, to the McElwains, and to lease the remaining trust property to the McElwains with a right of first refusal to purchase the leased property.

Other beneficiaries of the Trusts objected to these sale and lease transactions, arguing among other things that they had not been offered the right to purchase or lease the property on the same terms as the McElwains, and that the terms of the sale and lease transactions were not in the best interests of the Trusts or the Trusts' beneficiaries. On December 3, 2010, beneficiaries Gary Cook and Michael Cook filed suit, seeking a temporary restraining order, and preliminary and permanent injunctive relief, to prevent the real-estate transactions from being consummated.

The circuit court initially entered a temporary restraining order against both the sale and lease transactions, conditioned on the posting of a $15,000 bond. The court conducted a hearing on Gary and Michael Cook's request for a preliminary injunction on February 8, 2011. On February 24, 2011, the circuit court entered a preliminary injunction against the performance of

the lease agreement, but refused to enjoin the property sale. The court retained the bond Gary and Michael Cook had previously posted.

On December 28, 2011, Gary and Michael Cook filed a one-sentence Motion for Permanent Injunction, which "request[ed] that the Preliminary Injunction previously entered herein on February [24], 2011, be made a Permanent Injunction and that the bond previously posted by Plaintiffs be released forthwith." At a hearing on April 2, 2012, counsel for the McElwains objected to the entry of a permanent injunction without a further hearing. Despite the McElwains' objections, and without conducting any further evidentiary hearing, the circuit court entered a judgment permanently enjoining the lease of Trust property to the McElwains on the terms previously agreed, and releasing the $15,000 injunction bond.

After the resolution of other claims on April 1, 2013, the McElwains filed this appeal.

**Standard of Review**

An action seeking injunction is an action in equity. The standard of review in a court-tried equity action is the same as for any court-tried case; the trial court's judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.

*City of Greenwood v. Marietta Materials, Inc.*, 311 S.W.3d 258, 263 (Mo. App. W.D. 2010). Questions of law are reviewed *de novo*. *Id.*

**Discussion**

The McElwains assert six Points on appeal. Their first Point argues that the circuit court erred in granting a permanent injunction against the performance of the lease agreement without holding a trial on the merits. Because we agree that the circuit court erroneously denied the McElwains a trial on Gary and Michael Cook's demand for a permanent injunction, we reverse without addressing the McElwain's remaining arguments.

3

"There are 'three permissible phases' in an injunction proceeding: (1) a temporary restraining order granted against a defendant with or without notice or hearing; (2) a temporary injunction granted after notice and hearing; and (3) a permanent injunction granted after a final disposition on the merits of the case." *St. Louis Tele-Commc'ns, Inc. v. People's Choice TV of St. Louis, Inc.*, 955 S.W.2d 805, 807 (Mo. App. E.D. 1997) (quoting *Jackes-Evans Mfg. Co. v. Christen*, 848 S.W.2d 553, 556 (Mo. App. E.D. 1993)); *see also Pomirko v. Sayad*, 693 S.W.2d 323, 324 (Mo. App. E.D. 1985).  Rule 92.02(c)(3) authorizes the court to order the consolidation of the hearings on preliminary and permanent injunctive relief.  *State ex rel. Myers Mem'l Airport Comm., Inc. v. City of Carthage*, 951 S.W.2d 347, 350 (Mo. App. S.D. 1997).[1]  Rule 92.02(c)(3) provides:

> At any time the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application for a preliminary injunction.  Any evidence received upon an application for a preliminary injunction admissible at the trial on the merits becomes part of the trial record and need not be repeated at the trial.  This Rule 92.02(c)(3) shall be so construed and applied to preserve any party's right to trial by jury.

The Missouri Supreme Court has made clear that "[g]enerally, a preliminary injunction hearing is not . . . considered a 'trial,' meaning a trial on the merits." *State ex rel. Cohen v. Riley*, 994 S.W.2d 546, 548 (Mo. banc 1999).

> Although [Rule 92.02(c)(3)] provides for the preliminary hearing to become part of the trial record, it does not, thereby, merge the two proceedings.  To the contrary, the fact that the rule contemplates that evidence received at the hearing may (if it is admissible at the trial on the merits) be received into the trial record indicates that the two proceedings remain separate.

*Id.*

---

[1]        Prior to amendments effective on January 1, 1998, the provision authorizing consolidation of the preliminary injunction hearing and the trial on the merits, now codified in Rule 92.02(c)(3), was contained in Rule 92.02(a)(2).

"An order accelerating the trial on the merits and consolidating it with the preliminary injunction hearing must be clear and unambiguous." *Cohen*, 994 S.W.2d at 548. "Absent such order, a trial court may not adjudicate the merits of a claim for a permanent injunction on the evidence presented at a hearing on an application for a preliminary injunction unless the parties so agree." *Myers Mem'l Airport Comm.*, 951 S.W.2d at 350; *accord*, *Pomirko*, 693 S.W.2d at 325; *Reprod. Health Servs., Inc. v. Lee*, 660 S.W.2d 330, 339 (Mo. App. E.D. 1983).

In this case, the trial court gave no indication that it intended to rule the merits of the case based solely on the evidence presented at the preliminary injunction hearing, until it actually entered its judgment permanently enjoining the lease transaction. Moreover, when Gary and Michael Cook's Motion for Permanent Injunction was argued, the McElwains' counsel expressly objected to deciding the request for a permanent injunction without a further evidentiary hearing. As part of his objection, the McElwains' counsel identified specific evidence, developed during discovery, which he desired to present at the trial on the merits.

Given the trial court's failure to provide the McElwains with *any* advance notice of its intent to deny them a further hearing, and their timely objection to the denial of a full trial, the permanent injunction entered by the circuit court must be reversed. We reversed a permanent injunction in similar circumstances in *Nelson v. Brentwood Condominium Association*, 742 S.W.2d 233 (Mo. App. W.D. 1987). In *Nelson*, as here, the trial court entered a permanent injunction following a preliminary injunction hearing, with no notice to the parties that it intended to finally resolve the merits without a full trial. *Nelson* emphasized that the defendant was provided with "no notice of consolidation except that referenced in the [permanent injunction] order," and that "there was no record which would indicate that the defendant did not plan to present a case." *Id.* at 236. *Nelson* explained that reversal was required because, absent a

5

consolidation order or agreement by the parties, "the cause may not be finally determined on the evidence submitted at the hearing on the application for temporary injunction." *Id.*

We recognize that Rule 92.02(c)(3) states that a consolidation order may be entered "[a]t any time." The trial court's permanent injunction order had the effect of consolidating the trial with the preliminary injunction hearing, since the prayer for permanent injunctive relief was decided based solely on the evidence adduced during the preliminary injunction hearing. But even if the circuit court's permanent injunction order were considered a consolidation order, it came too late. Rule 92.02 is patterned after Federal Rule of Civil Procedure 65. Under Federal Rule 65, notice of the trial court's intent to consolidate the preliminary injunction hearing with the trial on the merits must be given in sufficient time to afford a litigant a reasonable opportunity to marshal, and present, its evidence. As explained in a leading treatise:

> Since Rule 65(a)(2) provides that consolidation may be ordered "before or after beginning the hearing," the trial court can transform a preliminary-injunction hearing into a consolidated hearing at any time and may do so on its own motion. This power must be tempered by the due-process principle that fair notice and an opportunity to be heard must be given the litigants before the disposition of a case on the merits. Judge (later Justice) Stevens . . . indicated the importance of this point in *Pughsley v. 3750 Lake Shore Drive Cooperative Building*[, 463 F.2d 1055, 1057 (7th Cir. 1972)]. He said:
>
> > If a consolidation of a trial on the merits with a hearing on a motion for a preliminary injunction is to be ordered, the parties should normally receive clear and unambiguous notice to that effect either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases. . . .
>
> Accordingly, ordering consolidation during the course of a preliminary-injunction hearing is reversible error when little or no notice is given of this change and the effect is to deprive a party of the right to present the case on the merits.

11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 2950 (2d ed. 1995) (footnotes omitted); *see also Univ. of Tex. v. Camenisch*, 451

U.S. 390, 395 (1981) (quoting *Pughsley*).  The treatise explains that the same problems arise where – as here – a permanent injunction is issued following a preliminary injunction hearing, with *no* notice of an intent to consolidate the trial on the merits with the preliminary injunction hearing:  "Because it is likely that one or more of the parties will not present their entire case at an unconsolidated preliminary-injunction hearing, it ordinarily is improper to decide a case solely on the basis of that type of a hearing."  *Id.* § 2950 (footnote omitted).  Entry of a permanent injunction without trial, and without notice of a consolidation of the trial with the preliminary injunction hearing, is akin to "a sua sponte summary judgment" entered without notice.  *Id.* § 2950.

Because the circuit court gave the McElwains no prior notice that it intended to finally dispose of the case based on the evidence presented at the preliminary injunction hearing, and because they objected to the entry of final judgment without trial and identified additional evidence they desired to present, the permanent injunction must be reversed.

Gary and Michael Cook contend that, despite the lack of a separate trial on their request for a permanent injunction, we should affirm the judgment because – according to them – the evidence required to obtain a preliminary injunction is often greater than that required to obtain a permanent injunction.  Because they had already presented enough evidence to obtain a *preliminary* injunction, Gary and Michael Cook contend that they had necessarily presented sufficient evidence to support the issuance of a *permanent* injunction.

There are several fundamental defects in this argument.  First, the elements necessary to establish a right to preliminary and permanent injunctive relief are fundamentally different.  Issuance of a preliminary injunction depends in large part on an assessment of the movant's *likelihood* of success, and the threat of irreparable harm if injunctive relief is not granted *pending*

7

*a final resolution* of the case. *State ex rel. Dir. of Revenue v. Gabbert*, 925 S.W.2d 838, 839 (Mo. banc 1996). At the permanent injunction stage, by contrast, the trial court must finally determine the merits of the plaintiff's claims, not merely the plaintiff's *probability* of prevailing. In addition, in deciding whether to issue permanent injunctive relief, the trial court must weigh the harms which may be caused by the entry of an order which *permanently* prohibits or requires particular action. The fact that Gary and Michael Cook persuaded the trial court to issue a preliminary injunction does not necessarily establish their right to permanent injunctive relief.

Second, because they were entitled to a separate trial on the merits before permanent injunctive relief was ordered, the McElwains were not required to present their entire merits case at the preliminary injunction hearing held on February 8, 2011. The McElwains may have chosen not to present the entirety of their defensive case at the preliminary injunction hearing for any number of reasons: due to inadequate time to prepare; to limit their litigation expenses; or for strategic reasons. The fact that the trial court was not persuaded by the McElwains' presentation at the preliminary injunction hearing does not foreclose the possibility that they would prevail after a full trial. The McElwains argued to the trial court that they had developed relevant evidence during discovery, subsequent to the preliminary injunction hearing; yet they were denied any opportunity to present that evidence to the court. In concluding that a full trial was required, it is also relevant that Gary and Michael Cook bore the burden of proof, and the risk of non-persuasion.

Although Gary and Michael Cook argue that the court's findings supporting a preliminary injunction made a trial unnecessary, it is well established that preliminary injunction rulings are *interlocutory*, meaning that they are subject to being revisited prior to the final disposition of the case. "The purpose of [a temporary restraining order or preliminary

8

injunction] is to preserve the status quo until the trial court adjudicates the merits of the claim for a permanent injunction." *Myers Mem'l Airport Comm.*, 951 S.W.2d at 350; *Pomirko*, 693 S.W.2d at 324. Accordingly, temporary restraining orders and preliminary injunctions "are not final judgments on the merits," *Pomirko*, 693 S.W.2d at 324 ; they are instead considered to be interlocutory, and not appealable. *Id.* at 324-25; *see also*, *e.g.*, *State ex rel. Dir. of Revenue v. Gabbert*, 925 S.W.2d at 839; *Pointer v. Washington*, 185 S.W.3d 801, 803 (Mo. App. E.D. 2006); *Hair Kraz, Inc. v. Schuchardt*, 131 S.W.3d 854, 854-55 (Mo. App. E.D. 2004); *Coursen v. City of Sarcoxie*, 124 S.W.3d 492, 498 (Mo. App. S.D. 2004). Findings made at the preliminary injunction stage are generally not binding at trial. As the Supreme Court of the United States has explained:

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits. In light of these considerations, it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits.

*Camenisch*, 451 U.S. at 395 (citations omitted); *see also* 11A FEDERAL PRACTICE & PROCEDURE § 2950 ("Based, as they usually are, on incomplete evidence and a relatively hurried consideration of the issues, these provisional decisions should not be used outside the context in which they originally were rendered.").

Therefore, the fact that the trial court may have made findings of fact favorable to Gary and Michael Cook following the preliminary injunction hearing does not somehow make it unnecessary to hold a trial on the merits of their request for permanent injunctive relief.

## Conclusion

The circuit court erred by entering a permanent injunction, over the McElwains'

objection, without conducting a trial on the merits.  The judgment is reversed, and the case is

remanded to the circuit court for further proceedings consistent with this opinion.[2]


_____
Alok Ahuja, Judge

All concur.

---

[2]     Given our disposition it is unnecessary to address the McElwains' remaining claims.  We note, however, that the trial court released the injunction bond as part of the judgment which made the preliminary injunction permanent.  Our reversal of the judgment has the effect of vacating the order releasing the bond.