**GREENBRIAR HILLS COUNTRY CLUB, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. SC 81355.**

Supreme Court of Missouri, En Banc.

Oct. 5, 1999.

Harvey M. Tettlebaum, Lowell D. Pearson, Terry M. Jarrett, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Greenbriar Hills Country Club brought an action before the Administrative Hear-

ing Commission pursuant to section 536.087, RSMo 1994, for its fees and expenses incurred as the prevailing party in a previous sales tax proceeding with the director of revenue. *See Greenbriar Hills Country Club v. Director of Revenue,* 935 S.W.2d 36 (Mo. banc 1996). The AHC denied Greenbriar's application for fees and expenses and Greenbriar appealed directly to this Court pursuant to section 536.087.7. Though not raised by the parties, the preliminary and dispositive question here is whether this Court has subject matter jurisdiction of this appeal. The primary constitutional provisions relating to subject matter jurisdiction of this Court and the court of appeals are article V, secs. 3 and 4.[1]

■ Greenbriar asserts jurisdiction under article V, section 3 because the appeal involves "the construction of the revenue laws of this state." Under section 536.087.1, Greenbriar is entitled to reasonable fees and expenses from the first case if the director's position in that case was not "substantially justified." Greenbriar asserts that the determination of whether the director's position was substantially justified requires the construction of revenue laws. However, section 536.087 is not a law that creates or alters an income stream to the government; thus, it is not a revenue law of this state. *Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907, 910 (Mo. banc 1997). Also, determining whether the director's position in the first case was substantially justified requires no reinterpretation or construction of the revenue laws at issue in the previous appeal.

■ Another arguable basis of jurisdiction is found in article V, section 18. Its first sentence provides that final actions of administrative agencies shall be subject to direct judicial review "as provided by law." That sentence does not purport to expand or shrink the subject matter jurisdiction of any court.

Instructive is the case of *Buchanan v. Kirkpatrick,* 615 S.W.2d 6 (Mo. banc 1981). There, this Court noted that article X, section 23 gave taxpayers standing in Hancock amendment cases to bring suit in a circuit court and, when the state was a party, standing to bring the suit here. *Id.* at 13. However, this Court noted that the provision granting taxpayer standing could not extend the subject matter jurisdiction of this Court and severed the provision purporting to place jurisdiction of such suits in this Court. *Id.* at 13 n. 8.

The second sentence of article V, section 18 provides that "unless otherwise provided by law," the administrative decisions to be reviewed "shall be reviewed in such manner and by such court as the supreme court by rule shall direct and the court so designated shall, in addition to its other jurisdiction, have jurisdiction to hear and determine any such review proceeding." This sentence, added in 1979, permits this Court to establish by rule a procedure for judicial review where the legislature fails to do so. The second sentence is not applicable here for at least two reasons. First, this Court has not by rule or otherwise designated any court to "have jurisdiction to hear and determine" administrative appeals. Second, the mere ability to designate a court does not authorize this Court to designate one that lacks subject matter jurisdiction of the case.

Nothing in the text of article V, section 18 suggests its purpose is to create or expand subject matter jurisdiction of any court. Rather, its plain purpose is to ensure that final decisions of administrative agencies are subject to a minimal scope of judicial review and to authorize the legislature or this Court to establish procedures

---

**1.** Other constitutional provisions specify that jurisdiction of certain original proceedings lie in this Court. *See* art. IV, sec. 11(b) (involving a determination of the disability of the governor); art. V, sec. 24 (removal and discipline of judges); art. VII, sec. 2 (trials of impeachments); art. VII, sec. 5 (election contests involving executive state officers); art. X, sec. 18(e) (actions to enforce certain revenue provisions involving statewide officials). None of these are at issue here.

for judicial review by courts that already have subject matter jurisdiction provided for elsewhere in article V.

■ The constitution confers sweeping subject matter jurisdiction "over all cases and matters, civil and criminal" on circuit courts. Art. V, section 14. Whether the scope of review of the administrative action is a complete rehearing of evidence, commonly referred to as "trial de novo," or a more limited review, the legislature is free to assign such responsibility to the circuit court.

■ The subject matter jurisdiction of the court of appeals is more limited than circuit courts, but is much broader than that of this Court regarding appeals. The court of appeals has "general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court." Art. V, section 3. Subject matter jurisdiction of original appeals to this Court is limited to the five classes of appeals described in article V, section 3. In addition, this Court and the court of appeals have "general superintending control over all courts" within their respective jurisdictions and, to that end, "may issue and determine original remedial writs." Art. V, sec. 4. Finally, this Court has "supervisory authority over all courts." Art. V, sec. 4.

■ In the context of the present case, the question is whether this Court has original appellate jurisdiction. As generally understood, an appeal is the "resort to a superior court to review the decision of an inferior court or administrative agency." *Black's Law Dictionary* (Fifth Edition 1979). Thus "appellate jurisdiction" includes jurisdiction to review a final administrative decision. So long as the review is of the administrative action and not a complete rehearing or "trial de novo" of the underlying dispute, the general assembly may provide for such appeals to be determined by the court of appeals or this Court, within their respective spheres of original appellate jurisdiction.

In this case, the legislature has redundantly made provision for appellate review; first by section 536.087.7 and second by section 621.189. The former section authorizes appeal of orders involving the grant or denial of fees and expenses to the "court having jurisdiction of the appeal of the underlying dispute." The latter section authorizes an appeal of an AHC decision arising under section 621.050 (director of revenue decisions) to the "court of appeals in the district in which the hearing, or any part thereof, is held or, where constitutionally required or ordered by transfer, to the supreme court."

While we had appellate jurisdiction of the underlying case, which involved construction of a revenue law, we have no jurisdiction of appeals of subsequent decisions involving the award of attorney fees. As applied here, section 536.087.7 purports to grant this Court jurisdiction of an appeal beyond and contrary to that authorized by the constitution. Thus, that provision as applied here is unconstitutional, and this Court does not have the necessary appellate jurisdiction over this appeal.

The cause is ordered transferred to the Missouri Court of Appeals, Western District. Art. V, sec.11; sec. 621.189.

PRICE, C.J., LIMBAUGH, COVINGTON, WHITE, HOLSTEIN and WOLFF, JJ., and CLAYTON, Special Judge, concur.

BENTON, J., not participating.