

# SUPREME COURT OF MISSOURI
## en banc

COMPREHENSIVE HEALTH         )          *Opinion issued August 12, 2025*
OF PLANNED PARENTHOOD   )
GREAT PLAINS, ET AL.,         )
                                    )
        Respondents,       )
v.                              )          No. SC101176
                                      )
STATE OF MISSOURI, ET AL.,   )
                                    )
        Appellants.        )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### The Honorable Jerri Zhang, Judge

The State of Missouri appeals from the issuance of a preliminary injunction, in which the circuit court partially sustained Comprehensive Health of Planned Parenthood Great Plains and Planned Parenthood Great Rivers – Missouri's (collectively, "Planned Parenthood") motion to enjoin certain abortion-related state statutes and regulations. Because the circuit court has entered only a preliminary ruling subject to modification and has yet to rule on the constitutional validity of any of the challenged statutes, this Court lacks exclusive appellate jurisdiction pursuant to article V, section 3 of the Missouri Constitution. For this reason, this Court transfers the case to the court of appeals, where appellate jurisdiction properly lies.

1

## Background

In November 2024, Missouri voters approved an initiative petition amending the Missouri Constitution. This amendment, codified in article I, section 36 of the Missouri Constitution, prohibits the government from denying or infringing on an individual's right "to make and carry out decisions about all matters relating to reproductive healthcare." Mo. Const. art. I, sec. 36.2. After this initiative petition passed, Planned Parenthood filed a declaratory judgment action in the Jackson County circuit court against the state and various state officials (collectively, "the State").[1] Planned Parenthood sought a declaration the challenged state laws and regulations were unconstitutional after the passage of this initiative petition and moved to enjoin the enforcement of the challenged provisions pending the outcome of this litigation.

After a hearing on Planned Parenthood's motion for a preliminary injunction, the circuit court, on December 20, 2024, partially sustained the motion, enjoining some, but not all of the abortion-related state statutes and regulations challenged by Planned

---

[1] The defendants in this case are: the State of Missouri, Michael L. Kehoe, in his official capacity as Governor of the State of Missouri; Andrew Bailey, in his official capacity as Attorney General for the State of Missouri; the Missouri Department of Health and Senior Services; Paula F. Nickelson, in her official capacity as Director of the Missouri Department of Health and Senior Services; the Missouri Division of Professional Registration, Board of Registration for the Healing Arts; Jade D. James-Halbert, Dorothy M. Munch, Jeffery D. Carter, Ian L. Fawks, Naveed Razzaque, Mark K. Taormina, and Christopher J. Wilhelm, in their official capacities as members of the Missouri Board of Registration for the Healing Arts; the Missouri Division of Professional Registration, Board of Nursing; Julie Miller, Trevor J. Wolfe, Margaret Bultas, Bonny Kehm, Courtney Owens, and Denise Williams in their official capacities as members of the Missouri Board of Registration for Nursing; and Jackson County Prosecutor Melesa Johnson.

Parenthood. Planned Parenthood moved for reconsideration, and the circuit court, on February 14, 2025, modified its injunction, enjoining certain additional abortion facility licensing requirements.[2]

The State then petitioned this Court for a writ of mandamus or, in the alternative, prohibition, asserting the circuit court applied the incorrect standard when issuing preliminary injunctive relief. This Court agreed, issuing a peremptory writ directing the circuit court to vacate its orders granting preliminary injunctive relief. In its peremptory writ order, the Court noted that, in *State ex rel. Director of Revenue v. Gabbert*, 925 S.W.2d 838, 839 (Mo. banc 1996), it had relied on federal law, specifically *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981), in setting forth the standard for issuing preliminary injunctive relief.

---

[2] In the December 20, 2024, order, the circuit court preliminarily enjoined Missouri statutes and regulations: abortion bans (sections 188.017, 188.056, 188.057, 188.058, 188.375, 188.038, 188.052, and C.S.R. section 10-15.010(1)); hospital relationship restrictions (sections 188.080, 188.027.1(1)(e), 197.215.1(2), and 19 C.S.R. section 30-30.060(1)(C)(4)), the medication abortion complication plan requirement: (19 C.S.R. section 30-30.061 as it pertains to the complication plan); pathology requirements (section 188.047, 19 C.S.R. section 10-15.030, and 19 C.S.R section 30-30.060(5)(B)); abortion-specific informed consent laws (sections 188.027, 188.033, and 188.039.4 solely as it relates to informed consent); waiting period requirements (sections 188.027 and 188.039); the telemedicine ban (section 188.021.1); and criminal penalties for abortion providers (sections 188.017.2, 188.056.1, 188.057.01, 188.058.1, 188.075, 188.080 (only the portion of the statute not enjoined as a part of the hospital relationship restriction), and 188.375.3). After Planned Parenthood moved for reconsideration, asking the circuit court to enjoin Missouri's abortion facility licensing requirements, the circuit court sustained Planned Parenthood's motion on February 14, 2025, enjoining sections 197.200 through 197.235, and 334.100.2(27) and all of its implementing regulations, 19 C.S.R. sections 30-30.050 through 30-30.070, and 20 C.S.R. section 7.140(2)(V). All of the above statutory references are RSMo Cum. Supp. 2023.

3

Since this Court's decision in *Gabbert*, the Eighth Circuit has rejected the *Dataphase* standard and applied a more rigorous standard when the relief sought is a preliminary injunction to enjoin the implementation of a duly enacted statute. *See Planned Parenthood Minn., N.D., S.D., v. Rounds*, 530 F.3d 724, 731-33 (8th Cir. 2008). Accordingly, this Court directed the circuit court to reevaluate Planned Parenthood's request for preliminary injunctive relief in light of the newer standard, which this Court articulated as: "(1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the moving party is likely to prevail on the merits; and (4) the effect on the public interest."[3]

The circuit court vacated its December 20, 2024, and February 14, 2025, orders and reevaluated Planned Parenthood's entitlement to preliminary injunctive relief as directed in the Court's peremptory writ, again issuing a preliminary injunction. The circuit court enjoined the same statutes and regulations it had enjoined in the December 20, 2024, and February 14, 2025, orders.

The State appealed the preliminary injunction directly to this Court, raising 20 points on appeal and seeking a stay of the injunction and an expedited briefing schedule.[4] While, historically, a party could not seek appellate review of a preliminary injunction, this year, the Missouri legislature amended section 526.010.2, authorizing the attorney

---

[3] This Court held, when a party seeks to enjoin the implementation of a duly enacted state statute, the circuit court must make a threshold finding the party seeking the injunction is *likely* to prevail on the merits. *See Rounds*, 530 F.3d at 731-33.

[4] The State's brief raises 20 points relied on, all of which challenge the issuance of the preliminary injunction. Because this appeal is being transferred to the court of appeals, this Court does not reach the merits of any of these points.

general to appeal preliminary injunctions in which the State or a statewide official is "preliminarily enjoined from implementing, enforcing, or otherwise effectuating any provision of the Constitution of Missouri, any Missouri statutes, or any Missouri regulation …." Section 526.010.2, RSMo Cum. Supp. 2025. This Court ordered the parties to show cause as to why this Court has exclusive appellate jurisdiction over this appeal pursuant to article V, section 3 of the Missouri Constitution.

## Standard of Review

This Court has "exclusive appellate jurisdiction in all cases involving the validity of … a statute … of this state[.]" Mo. Const. art. V, sec. 3. A case that involves a constitutional issue does not necessarily invoke this Court's exclusive jurisdiction. *Goodman v. Saline Cnty. Comm'n*, 699 S.W.3d 437, 440 (Mo. banc 2024). "For a case to involve the validity of a statute of this state (and, therefore, come within the Court's exclusive appellate jurisdiction under article V, section 3 of the Missouri Constitution), someone must have properly raised a claim that a statute is unconstitutional, properly preserved that claim in the circuit court, and properly presented that claim on appeal." *Id*. (emphasis omitted).

## Analysis

Before reviewing the merits of any appeal, this Court has a duty to ascertain whether it has exclusive appellate jurisdiction. "In all appeals, this Court is required to examine its jurisdiction *sua sponte*." *Goodman*, 699 S.W.3d at 339 (internal quotation omitted).

5

The new statute authorizes the attorney general to appeal the issuance of a preliminary injunction when the State is enjoined from enforcing a state statute.[5] The State argues this Court has exclusive appellate jurisdiction over this appeal because the case involves the validity of numerous state statutes, despite its interlocutory nature as an appeal from a preliminary injunction. Planned Parenthood contends the State's appeal of the preliminary injunction does not involve the validity of any Missouri statutes.

In its appellant brief, the State raises 20 points of error, ranging from questions of justiciability to improper application of the preliminary injunction standard. Although some of these points relied on present constitutional questions, none of them directly contend the laws enjoined are valid or constitutional, nor could they, because the circuit court has yet to rule on the constitutional validity of any of the challenged statutes. The appeal relates to only a *preliminary* decision, a decision made before the circuit court has ruled on the validity of the challenged statutes:

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.

---

[5] Section 526.010 is silent as to the appellate court in which parties should file their appeal. Despite this silence, a statute cannot expand this Court's exclusive jurisdiction over appeals as established in article V, section 3 of the Missouri Constitution. *See Greenbriar Hills Country Club v. Dir. of Revenue*, 2 S.W.3d 798, 800 (Mo. banc 1999).

6

*Nat'l Historic Soul Jazz Blues Walker Found. v. AltCap*, 681 S.W.3d 202, 210
(Mo. App. 2023) (quoting *Cook v. McElwain*, 432 S.W.3d 286, 292-93 (Mo. App.
2014)); *see also Lackey v. Stinnie*, 145 S. Ct. 659, 667 (2025);

> Preliminary injunctions, however, do not conclusively resolve legal disputes. In awarding preliminary injunctions, courts determine if a plaintiff is *likely* to succeed on the merits—along with the risk of irreparable harm, the balance of equities, and the public interest. … As a result, we have previously cautioned against improperly equat[ing] "likelihood of success" with "success" and treating preliminary injunctions as "tantamount to decisions on the underlying merits."

*Lackey*, 145 S. Ct. at 667 (second alteration in original) (internal quotations omitted).

The issue in the *underlying* case—which remains pending in the circuit court—is whether the challenged statutory and regulatory provisions are constitutionally invalid in light of the new constitutional amendment. The circuit court weighed four factors in deciding whether to issue a preliminary injunction: the threat of irreparable harm to the moving party, the balance of that harm with any injury an injunction would inflict on other interested parties, whether the moving party is likely to prevail on the merits, and the effect on the public interest. *See Rounds*, 530 F.3d at n.3, 731-32. Three of these factors bear no relation to whether the laws at issue are constitutional, and, although weighing whether Planned Parenthood is likely to prevail on the merits requires consideration of the underlying constitutional claims to some extent, such consideration does not constitute a determination as to the validity of these statutes. Neither this Court, nor any other appellate court reviewing the preliminary injunction, would be determining

7

whether any statute or regulation is invalid in light of the constitutional amendment; rather, review in this appeal is limited to a determination of whether the circuit court erred in determining Planned Parenthood is entitled to preliminary injunctive relief pending a trial on the merits and, therefore, abused its discretion in issuing the preliminary injunction. *See id*. at 733.

The circuit court's finding that Planned Parenthood is likely to prevail on the merits is preliminary. This finding has been made before discovery has commenced, before the evidence has been collected, and before any arguments have been presented at trial. The issuance of a preliminary injunction, therefore, in no way adjudicates the merits of Planned Parenthood's constitutional challenges to the validity of state statutes.

The State attempts to fit this appeal within this Court's exclusive appellate jurisdiction, asserting that, because this is an appeal and the underlying claims in the case challenge the constitutional validity of Missouri statutes, "[t]hat ends the inquiry" into jurisdiction.[6] This reasoning, however, is contrary to this Court's precedent relating to its

---

[6] In attempting to bolster its argument that this Court has exclusive appellate jurisdiction over this matter despite the fact it presents no constitutional validity questions, the State attempts to parallel this Court's exclusive appellate jurisdiction with that of the United States Supreme Court, asserting that, since at least 1891, federal statutes have allowed some challenges to preliminary injunctions to go directly to the United States Supreme Court. This argument is unpersuasive and wholly irrelevant. The language of the 1891 federal statute upon which the State relies does not closely mirror that of article V, section 3, and there is no evidence the drafters of the 1945 Missouri Constitution intended to mirror any such federal jurisdictional standard more than 65 years later. Equally importantly, such federal statute and any reiteration of it that followed have since been repealed. Only limited cases involving the granting or denying a preliminary injunction by a three-judge district court panel now go directly to the United States Supreme Court. *See* 28 U.S.C. sec. 1253.

exclusive appellate jurisdiction. This Court's exclusive appellate jurisdiction is not invoked merely because *the case* involves a constitutional issue. *See Goodman*, 699 S.W.3d at 440. Instead, this Court must look to the *claim* at issue on appeal, inquiring whether a claim that a statute is unconstitutional was properly raised and preserved in the circuit court—i.e., the claim was presented to and ruled on by the circuit court— and that claim was properly presented on appeal.[7] *Id*. Once a claim challenging the constitutional validity of a statute is properly raised and preserved, then this Court has exclusive appellate jurisdiction over that appeal. *Bridegan v. Turntine*, 689 S.W.3d 481, 483 n.4 (Mo. banc 2023).

Planned Parenthood raised claims that numerous Missouri statutes are unconstitutional in the underlying suit. The claims in this appeal, however, are that the circuit court erred in sustaining a motion for a preliminary injunction. Such claims do not present issues requiring an appellate court to evaluate and resolve the underlying constitutional validity claims in this matter. At this stage of the proceedings, because there has been no adjudication of the validity of the statutes in the underlying case, an

---

[7] *See also Kan. City v. Graybar Elec. Co.*, 454 S.W.2d 23, 25-26 (Mo. 1970) (holding this Court did not have exclusive appellate jurisdiction over the appeal because the claim was not considered and ruled on by the circuit court); *Sharp v. Curators of Univ. of Mo.*, 138 S.W.3d 735, 738 (Mo. App. 2003) (holding, for the Supreme Court of Missouri to have exclusive appellate jurisdiction over an appeal, the claim must be preserved in the circuit court, meaning the claim must be presented to the court and ruled thereon). Here, although the constitutional claims were raised, until the circuit court rules on these claims, the claims are not properly preserved and, therefore, this Court does not have exclusive appellate jurisdiction.

appellate court cannot resolve any of the underlying constitutional validity claims pertaining to the particular statutes.

When this Court lacks exclusive appellate jurisdiction over an appeal, the lack of jurisdiction does not warrant dismissal. Mo. Const. art. V, sec. 11. Rather, the proceeding shall be transferred to the appellate court having jurisdiction. *Id.* The Missouri Court of Appeals has general appellate jurisdiction over all appeals except those within this Court's exclusive appellate jurisdiction. Mo. Const. art. V, sec. 3. Because this appeal arises from the issuance of a preliminary injunction in the Jackson County circuit court, this appeal is transferred to the Missouri Court of Appeals, Western District, to address whether the circuit court abused its discretion in sustaining Planned Parenthood's motion for a preliminary injunction.

## Conclusion

This Court transfers the State's appeal to the Missouri Court of Appeals, Western District.

_____
Mary R. Russell, Judge

All concur.